[No. 6,389.]

## WILLIAMS ET AL. *v.* HILL.

FINDING—MISTAKE.— The complaint alleged that the defendant contracted to a certain effect with the plaintiff and others. The defendant pleaded that the written contract signed by him did not represent the understanding of the parties, and that he signed it under a mistake, induced by misrepresentations as to its contents by one of the parties, at whose request he signed it. The Court found that all the allegations of the complaint were true. *Held,* 1st—the evidence being conflicting—that the finding was conclusive upon the question as to whether there was a verbal understanding different from the written agreement; and, 2ndly, That the finding negatived the defense of mistake pleaded in the answer, and sufficiently disposed of that issue.

APPEAL from a judgment for the plaintiffs, and from an order denying a new trial, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

The complaint alleged that the plaintiff, the defendant, and one Tiburcio Parrott, and two others, entered into a joint adventure for the purchase and sale of stocks—each to contribute equally; that up to the 27th day of March, 1874, there was advanced by the parties the aggregate sum of $217,085.41—of which each of the defendants had advanced about equal sums, except the defendant, who had advanced only $12,368.88; and that at the same date there was due from the concern to their brokers the sum of $226,409.75. Then follow the allegations referred to in the opinion, which are as follow :

" That on the said 27th day of March, A. D. 1875, said joint adventure was, by mutual agreement between said parties, dissolved ; and said defendant thereupon assigned all his interest therein, and all his rights appertaining thereto, unto the said Parrott, Shultz, Smith, and Williams, and did then and there agree, that in adjusting the affairs of said concern, all the said stock belonging thereto should be estimated at the sum of eighty ($80) dollars per share, and the accounts between himself and the other said parties should be closed as of said date, upon the estimated value of eighty ($80) per share, and promised to pay them any deficiency which might become due from his said one-fifth ($\frac{1}{5}$) interest, after estimating said stock at $80 per share, and the application thereof to the joint indebtedness ;

and the other said parties, upon their part, in consideration of said assignment, agreed with said Hill that, in the adjustment of the affairs of said concern, the said stock should be estimated at eighty ($80) dollars per share, and that they would not make any personal claim against said Hill for any sum over and above the difference between an estimated value of eighty ($80) dollars per share, as aforesaid, and his proportion of liability, at said last mentioned date, to Latham & Co., for money advanced in the purchase of said stock, with interest and commissions as then charged by them."

The answer alleges that the agreement between the parties was as follows:

" That this defendant should assign and transfer to the other members of said copartnership all his right, title, and interest in and to the assets of said copartnership; and that, in consideration of such assignment and transfer, this defendant should not be held liable for any of the debts of said copartnership, nor for any balance remaining unpaid of his *pro rata* share of the capital paid into said copartnership business by the members of said copartnership. That on said terms and conditions, this defendant agreed to withdraw from said copartnership, and on no other terms and conditions whatsoever."

And further " alleges that on or about the 27th day of March, 1875, Tiburcio Parrott, one of the members of said copartnership, brought to defendant an instrument in writing, which said Parrott informed him had been prepared by his co-members in said copartnership, and also informed him that it contained the aforesaid terms and conditions. That this defendant, being at the time in some haste, and trusting and relying upon the good faith of his said copartners, and not otherwise, signed the said instrument without reading the same or knowing the contents thereof.

And defendant alleges that if said instrument contains any provision or provisions, whereby he was or is to be made liable for any of the debts of said copartnership, or for any balance of his *pro rata* share of the capital of said copartnership, he did not know it at the time he signed said instrument; that neither he, nor his said copartners, ever made such an agreement, or

intended to make such an agreement; and that had he not trusted. implicitly in the good faith of his said copartners in incorporating in said instrument the said terms and conditions so as aforesaid agreed upon and none other, he would have examined said instrument carefully before signing the same."

The Court found that all the allegations of the complaint were true; and further found specially, that the concern was dissolved on the 27th day of March, 1875, by an instrument in writing; that it was not agreed between the parties, as alleged by the defendant, nor were the terms of the dissolution other than those expressed in the written instrument of dissolution, and that the same were correctly set forth in the complaint—the last being the fourth finding, referred to in the opinion.

The other facts are stated in the opinion.

*Taylor & Haight,* for Appellant.

If the testimony of Hill and Parrott was admissible, (and it *was* admitted under plaintiff's objection) then it is perfectly clear this action cannot be maintained; for there was not, and could not have been under the circumstances, *any contract* between the parties. The minds of the parties never met. Defendant thought he was signing one thing, Williams thought he was signing quite another and a different thing. The mistake between the parties was fundamental, and went to the very basis of the contract. (See the cases collected in the first American Edition of "Kerr on the law of Fraud and Mistake," in foot note to page 416.) But all this testimony, admitted for the purpose of showing the mutual mistake between the parties, was totally disregarded by the Court when it came to make up its decision.

*The findings do not support the judgment.* The mistake of defendant is fully pleaded in his answer; but on this issue—the very one on which defendant rested his whole case—there is no finding whatever.

*G. W. Gordon*, for Respondent.

There being a direct and substantial conflict in the evidence, as to the preliminary verbal understanding, the finding on that point will not be disturbed in this Court. Even though the testimony was not conflicting, as to the verbal understanding had prior to the execution by appellant of the instrument of dissolution, still appellant is bound by such execution, resulting *from his own negligence* in failing to read it, and is not entitled to relief either at law or equity. (*Hawkins* v. *Hawkins*, 50 Cal. 559; *Boyd* v. *Blankman*, 29 Cal. 43; *Me. Ins. Co.* v. *Hodgkins*, 66 Me. 109; *New Albany R. R. Co.* v. *Fields*, 10 Ind. 190; *Craig* v. *Hobbs*, 44 Id. 367; *Taylor* v. *Atchinson*, 54 Ill. 196; *McMillan* v. *Michigan R. R. Co.* 16 Mich. 115; *Mulligan* v. *Illinois C. R. Co.*, 36 Iowa, 188.)

Department No. 2, MYRICK, J.:

Plaintiff had judgment; defendant moved for a new trial, which was denied, and defendant appealed.

On the trial in the Court below, plaintiff Williams testified as to the amount due plaintiff from defendant on account of advances, and that the agreement signed by defendant, ending the joint adventure, was drawn according to their verbal understanding. Defendant testified that it was not according to their understanding. Here was a direct conflict of evidence. The Court below found in favor of plaintiff, and rendered judgment accordingly. In such case this Court will not disturb the judgment.

The objection that the findings do not support the judgment, in that the Court did not find as to the alleged mistake, is fully answered by the finding of the Court "that all the facts set forth in the complaint are true;" and by the fourth finding. The facts set forth in the complaint, (transcript, folios 9 to 11) are entirely inconsistent with the mistake alleged in the answer. If the allegations of the complaint are true, there could be no such mistake.

Judgment and order affirmed.

THORNTON, P. J., and SHARPSTEIN, J., concurred.