[No. 9913.   Department One. — March 14, 1888.]

JOSEPH WINTERHALTER, EXECUTOR, ETC., OF FRITZ HOFFMEISTER, DECEASED, RESPONDENT, v. WORK-MEN'S GUARANTEE FUND ASSOCIATION OF SAN FRANCISCO, CALIFORNIA, ET AL., APPEL-LANTS.

LIFE INSURANCE — PAYMENT SUBJECT TO DISPOSITION OF WILL — EXECUTOR MAY MAINTAIN ACTION. — Where a policy of life insurance does not designate any particular beneficiary, but provides that it shall be paid subject to the will of the insured, and the latter by his will bequeaths his entire estate to a particular person, subject to the payment of his debts, the executor of the insured is the proper person to whom the insurance money should be paid, and he may maintain an action therefor in his own name without joining the legatee.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. G. Severance, William Loewy*, and *J. M. Nougues*, for Appellants.

In the certificate issued to the testator the association agreed to pay subject to his will, which is equivalent to an obligation to pay to the legatee; then, whoever would

be named as legatee was to be entitled to the benefit.    If the insured could not have brought suit for this benefit against the association, the benefit cannot be assets of his estate, and his executor cannot sue for it.    (*Worley* v. *Northwestern Masonic Ass'n,* 10 Fed. Rep. 227; *Swift* v. *San Francisco S. E. Board,* 67 Cal. 567; *Catholic Mutual Benefit Ass'n* v. *Priest,* 46 Mich. 429; *Ballou* v. *Gile,* 50 Wis. 614; *Vollman's Appeal,* 92 Pa. St. 50; *Kentucky Masonic Mut. L. I. Co.* v. *Miller,* 13 Bush, 489; *Arthur* v. *Odd Fellows,* 29 Ohio St. 557.)

*Marcus Rosenthal,* for Respondent.

SEARLS, C. J.—Defendant is a corporation, and on the sixteenth day of March, 1880, plaintiff's testator, Fritz Hoffmeister, became a member of such corporation, and for a valuable consideration received therefrom its certain promise, agreement, and certificate in writing, in the words and figures following, viz.:—

" Workmen's Guarantee Fund Association of San Francisco, California.    No. 69.

" This is to certify that Fritz Hoffmeister is a member of the Workmen's Guarantee Fund Association of San Francisco, California, and as such is entitled to participate in the guarantee fund, to the extent of one dollar to each member of said association in good standing, at the death of said Fritz Hoffmeister, provided the number of members at that time shall not exceed one thousand. Said sum of one thousand dollars or less, at his death, shall be paid to ——, subject to his will.

" This certificate is issued upon the expressed condition that said Fritz Hoffmeister shall comply with all the laws, rules, and requirements which are now or may be hereafter enacted by the Workmen's Guarantee Fund Association.

" In witness whereof, the Workmen's Guarantee Fund Association has caused this certificate to be signed by its president and secretary, and the seal to be attested this

sixteenth day of March, one thousand eight hundred and eighty.

"Workmen's Guarantee Fund Association of San Francisco, California.

"(Seal corporation.) P. Veasey, Vice-President.

"E. M. Reading, Secretary."

Hoffmeister never filled the blank in the certificate by inserting the name of a beneficiary, but died on the fourth day of October, 1882, leaving a last will, whereby he gave, devised, and bequeathed to his mother, Louisa Hoffmeister, after payment of all his debts and liabilities, all his estate and effects. Plaintiff was named as executor of the will, which has been regularly admitted to probate, etc.

Defendant answered, admitting its liability to the extent of one thousand dollars, but claimed that testator had by his last will designated his mother, Louisa Hoffmeister, as his beneficiary, and the person to whom said sum should be paid in the event of his death, and asked that said Louisa be made a party to the action, which was done.

Plaintiff had judgment, from which, and from an order denying a new trial, defendants appeal.

The articles of association of the defendant provide:—

"2. That the purposes for which it is formed are to provide for the payment to the widow, heirs, and legatees of each deceased member thereof a stipulated sum of money, by contributions from surviving members, upon assessments duly made therefor."

The constitution of defendant, article 2, provides as follows:—

"Art. 2. The object of this association is to provide for the payment to the husband, widow, heirs, or legatees of a deceased member a stipulated sum of money, by contributions from its surviving members, upon assessments duly made therefor."

The defense also introduced the following in evidence:—

"The application of intestate for membership in the association contained the following clause: 'I hereby authorize and direct that the amount of said guarantee fund to which I may be entitled shall, at my death, be paid subject to my will.'"

The question presented for determination upon the facts is this: Is the executor entitled to recover the sum due decedent? or does it go directly to his mother, Louisa Hoffmeister?

It may be stated that where a policy of life insurance expressly designates a person as entitled to receive the insurance money, such designation is conclusive, in the absence of some question as to the rights of creditors. The receipt of the person designated will discharge the insurer, and he may sue for and recover the amount due at the maturity of the policy.

In such cases the legal representative of the insured has no claim upon the money, and cannot maintain an action therefor.

It forms no part of the assets of the estate of the insured.

The exceptions to this rule, involving the rights of creditors, are not involved in this case, and need not be commented upon. (Bliss on Life Insurance, secs. 316, 317.)

The policy in the present instance, as will be seen, did not specifically name the beneficiary; it was to be paid "subject to my will"; that is to say, subject to the will of the insured.

Whether the term quoted should be interpreted as meaning subject to the last will and testament of the insured, or in the broader sense of subject to his will as expressed by inserting the name of the beneficiary in the blank space left in the policy apparently for that purpose, need not concern us here, as such blank was

never filled. Nor was there any special designation of the mother of deceased as the beneficiary of the amount to be realized on this policy in the will of the deceased, except that all of his property was bequeathed to her, after the payment of his debts and liabilities.

He left no widow, and we may suppose that had he left no last will, the sum for which he was insured would, under the articles of association and the constitution of defendant, quoted above, have gone to his heirs. Either this result must follow in such a case, or the policy be held to have lapsed for want of a beneficiary. Such a contingency cannot arise in any event here, for defendant admits its liability, has paid the money into court, and only asks that the question as to the right of the two claimants may be determined, so as to absolve it from liability.

Had the testator in his last will specifically nominated his mother as the recipient of the sum to fall due upon his death, it might be contended, alike upon reason and authority, that under his contract with defendant she alone was entitled to recover.

The undertaking of the corporation defendant was to pay not exceeding one thousand dollars, subject to the will of deceased.

That will, as expressed, is, that this sum, in common with all his property, "after payment of all his debts and liabilities," shall go to his mother, Louisa Hoffmeister.

It is true that by subdivision 10 of section 690 of our Code of Civil Procedure, this money is not subject to execution and forced sale. So, too, in case of the death of a husband, the probate court may set aside for the use of his family the property exempt from execution, but these provisions cut no figure here, as there is not, so far as appears, any family.

The simple fact is, that testator has bequeathed the fund in question to his mother, subject to the payment of his debts; and as these debts can only be paid

through the interposition of his executor, the court below was correct in its conclusion that the executor was a proper party to have and recover the fund out of which such debts, if any, were to be paid. The executor is the trustee of an express trust, and as such, under our code, may sue without uniting with him those beneficially interested. (Code Civ. Proc., sec. 369.)

We have examined the several decisions quoted from various states in appellant's brief. Most of them depend upon the peculiar statutes of the states in which they were rendered, which are different from our own, and while we are in accord with most of the reasoning of those cases, we are still of opinion the peculiar facts of this case are sufficient to differentiate it from those referred to.

The judgment and order appealed from are affirmed.

McKINSTRY, J., and PATERSON, J., concurred.

Hearing in Bank denied.