[L. A. No. 912.     In Bank. — August 12, 1901.]

## WOODMEN OF THE WORLD, Respondent, v. LAURA RUTLEDGE, Appellant, and MARY E. BUZZARD et al., Respondents.

APPEAL — DISMISSAL — ATTORNEY NOT OF RECORD. — An appeal cannot be dismissed on the ground that the attorney for the appellant is not an attorney of record in the case, but is a member of a firm of attorneys who appeared as attorneys of record in the trial court.

ID. — CESSATION OF PLAINTIFF'S INTEREST — APPEAL — PARTIES. — The plaintiff having paid the money into court, and the conflicting claimants having interpleaded between themselves, the plaintiff had no further interest in the case, and is not a party to an appeal from the judgment between the claimants.

ID. — APPEAL — CONCLUSIVENESS OF FINDINGS. — Where the evidence is not brought up upon appeal from the judgment, the findings of the court in favor of the claimant for whom judgment was rendered are conclusive.

INTERPLEADER — CONFLICTING CLAIMS TO BENEFIT FUND. — A corporation, existing as a fraternal organization, for life insurance purposes, and benefit of its members and their beneficiaries, may maintain an action of interpleader between conflicting claimants to a benefit fund paid into court by the plaintiff at the time of bringing the suit.

ID. — ABSENCE OF OBJECTION TO SUIT — OBJECTION UPON APPEAL. — Where the conflicting claimants to the benefit fund did not object by demurrer or otherwise to the proceeding in interpleader, but came in without objection, and litigated their conflicting claims to the fund deposited in court, the losing party cannot object upon appeal for the first time that the case is not one for interpleader.

ID. — CHANGE OF BENEFICIARY — COMPLIANCE WITH CONSTITUTION — NEW CERTIFICATE TO FIANCÉE OF MARRIED MAN — DESCRIPTIO PERSONÆ. — Where a married man, living apart from his wife, surrendered a benefit certificate of life insurance, taken in the fraternal organization plaintiff, in the name of his children, and took a new certificate in favor of an unmarried woman named, who was an innocent party, designated as his "*fiancée*," and the court found that the new certificate was " issued " in accordance with the constitution of the plaintiff, and was in full effect at the time of the death, and that the money was due and payable to her, the description of "*fiancée*" may be disregarded as merely *descriptio personæ*, and the fact that she could not become engaged to marry the insured will not preclude a judgment in her favor.

ID. — RIGHTS OF DESIGNATED BENEFICIARY OF LIFE INSURANCE — INTEREST IN LIFE INSURED NOT REQUIRED. — The express designation of the beneficiary of a life insurance policy as entitled to receive the insurance-money, in accordance with the constitution and laws of the life insurance company, is conclusive, in the absence of question as to the rights of creditors; and the receipt of the person so designated will discharge the insurer. The designated beneficiary may sue and recover the amount due upon the policy at its maturity; and, in the absence of a provision to the contrary, need not show an interest in the life of the insured, in order to recover.

ID. — WAIVER OF INTEREST BY INSURANCE COMPANY — PAYMENT OF MONEY INTO COURT. — A provision limiting the beneficiaries of a policy to those having an interest in the life of the insured will not be assumed to exist, in the absence of a showing to that effect, but if shown to exist, is to be considered as primarily designed to protect the insurance company, and it may be, and is, waived by its payment of the money into court. [Per Henshaw, J., concurring.]

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

John H. Foley, for Appellant.

Will D. Gould, for Mary E. Buzzard, Respondent.

Elmer E. Rowell, for Plaintiff Respondent.

VAN DYKE, J.— By stipulation of the parties, a motion to dismiss the appeal and the hearing on the merits of the appeal have been submitted together. The motion to dismiss the appeal is based upon the ground that the appellant's attorney is not the attorney of record in the case, but a member of the firm of attorneys who appeared in the court below as attorneys of record. There is nothing in the motion and no authority has been cited in support of this contention.

The action was brought to compel the defendants to come into court and interplead, and litigate their several conflicting claims to a benefit fund of two thousand dollars, paid into court by the plaintiff at the time of bringing the suit. The plaintiff is a corporation, existing as a fraternal organization, and for life insurance purposes, and benefit of its members and their beneficiaries. It appears that one William Rutledge, in October, 1896, joined and became a member of Victor Camp, Woodmen of the World, located at Victor, Colorado, and

through such membership obtained a certificate of life insurance for the sum of two thousand dollars, payable, on his death, to the defendants Fred, Harry, and Jessie May Rutledge, his minor children; that thereafter, in April, 1899, said William Rutledge, by appropriate proceedings, secured a transfer from said Victor Camp, and on the 20th of the same month deposited said transfer-card with the Los Angeles Camp, of the Pacific Jurisdiction of the Woodmen of the World, located at Los Angeles, and, through his membership with said Los Angeles Camp, said William Rutledge canceled and surrendered his said certificate obtained from Victor Camp, and thereupon, May 15, 1899, there was issued to him a new benefit certificate for the sum of two thousand dollars, made payable to the defendant "Mary E. Buzzard, as his *fiancée.*" The said William Rutledge died in Los Angeles, in June, 1899. An answer to the complaint was filed on behalf of defendants Laura Rutledge and the minors, Fred, Harry, and Jessie May Rutledge, in which it was asked that it may be ordered by the court that said sum so deposited in court be paid over to them. An answer and cross-complaint was also filed by the defendant Mary E. Buzzard, setting forth the facts already stated, and claiming said benefit fund under the provisions of the benefit certificate last issued to said William Rutledge. The court found that on July 4, 1895, the said William Rutledge and defendant Laura Rutledge intermarried, and remained husband and wife up to the time of the death of said William Rutledge, but that for several years prior to his death they lived separate and apart, she residing in Colorado, and he in Montana and California; that defendants Fred Rutledge, Harry Rutledge, and Jessie Mamie Rutledge, or Jessie May Rutledge, were the children of said William Rutledge by a former wife; that defendant Mary E. Buzzard was, at the date that said benefit certificate was issued to William Rutledge by the Los Angeles Camp, under engagement of marriage with said Rutledge, in good faith, and that she had no knowledge or information whatever that said Rutledge was at that time, or at any time, a married man, and that she remained so engaged to be married to him up to the time of his death, and in such engagement she was wholly an innocent party. Judgment was accordingly rendered in favor of said defendant Mary E. Buzzard for the amount of said benefit certificate so deposited in court.

The appeal is by defendant Laura Rutledge alone, and comes up on the judgment roll. The appellant contends that this is not a case for interpleader. The code provision in reference to the right to bring such action is very broad. "Whenever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves." (Code Civ. Proc., sec. 386.) This seems to have been the case here, as appears by the pleadings. Besides, the appellant failed to demur to the complaint, or raise any other objection in the court below to the nature of the proceeding. *San Francisco Savings Union* v. *Long*, 123 Cal. 107, was a case similar to this. That was an action of interpleader, to compel the defendants to litigate their conflicting claims to the fund held by the plaintiff, and in reply to a like objection in that case to the action, the court says: "But when, as here, all parties come in, and without objection make up their pleadings and litigate their claims, we feel warranted in holding that all consent to the remedy sought, and to the payment into court, and consequent dismissal as to plaintiff." In this case, the plaintiff, having paid the money into court, and the parties having come in and interpleaded among themselves, had no further interest in the case, and is not a party to the appeal. See also *Fox* v. *Sutton*, 127 Cal. 515, where the right of the plaintiff, a mere stakeholder, to compel conflicting claimants to come in and litigate their several claims was upheld.

It is contended on the part of the appellant, that Rutledge being at the time a married man, said Mary E. Buzzard could not become engaged to marry him, and therefore was not a *fiancée;* that such a relationship would be against good morals, and therefore illegal. But the court also finds that the cancellation of the first certificate of life insurance, and the issuance of the said second certificate of life insurance, payable to the said Mary E. Buzzard, was formally made in accordance with the constitution of the plaintiff corporation, and the same was in full force and effect at the time of the death of said William Rutledge; thereupon the same became due and payable to said Mary E. Buzzard, and is now due and

payable to her in the said sum of two thousand dollars, and that the said two thousand dollars deposited and paid into court by the plaintiff corporation in the action is the money described in said certificate of life insurance; that the plaintiff has disclaimed all right, title, and interest in and to said money. These findings are conclusive, as the evidence is not brought up. If any fraud or deception had been used in procuring the issuance of said certificate in reference to the designation of Mary E. Buzzard as *fiancée*, or otherwise, such certificate might have been declared void, and the sum specified therein forfeited at the instance of the plaintiff company, but, as found by the court, and as appears by the record, the company makes no complaint, and disclaims any right to the fund. The term employed may be considered as merely *descriptio personæ*. "It may be stated that where a policy of life insurance expressly designates a person as entitled to receive the insurance-money, such designation is conclusive, in the absence of some question as to the rights of the creditors. The receipt of the person designated will discharge the insurer, and he may sue and recover the amount due at the maturity of the policy. In such cases the legal representative of the insured has no claim upon the money, and cannot maintain an action therefor. It forms no part of the assets of the estate of the insured." (*Winterhalter* v. *Workmen's Guarantee Fund Ass'n*, 75 Cal. 248.) And in that case it was suggested that the policy might lapse for want of a beneficiary, and the court replies: "Such a contingency cannot arise in any event here, for the defendant admits its liability, has paid the money into court, and only asks that the question as to the right of the two claimants may be determined so as to absolve it from liability." It has also been held: "Where a person makes an insurance on his life, he may make any one he pleases the beneficiary; and the latter is not obliged to show an interest in his life, in order to recover." (5 Lawson's Rights and Remedies, 3636.)

Pending the appeal in this court, the respondent Mary E. Buzzard died, and Will D. Gould, executor of her last will and testament, upon suggestion of her death and upon motion, has been substituted in the place and stead of Mary E. Buzzard as defendant and respondent herein.

Judgment affirmed.

Harrison, J., Garoutte, J., and McFarland, J., concurred.

HENSHAW, J., concurring.—I concur in the judgment.    If it were shown that the by-laws of the association limited the beneficiaries to those having an insurable interest in the life of the member, a different question would be presented.    But no such showing is made, and the finding of the court is to the effect that the certificate was duly issued in accordance with the constitution and by-laws.    The provision limiting the beneficiaries of a policy to those having an interest in the life of the insured is primarily designed to protect the insurance company, and may therefore be waived by it, as was done in this case, by its payment of the money into court.