[Civ. No. 367.   Third Appellate District.—October 19, 1907.]

# THOMAS F. CHATFIELD and EDWARD G. VINZENT, Partners, etc., Respondents, v. CONTINENTAL BUILD-ING AND LOAN ASSOCIATION, Appellant.

FINDINGS—RELATION TO PLEADINGS—CERTAINTY.—When the answer consists of denials only, a general finding that all of the allegations of the complaint are true is sufficiently definite and certain. Such general finding loses none of its clearness and certainty by the addition thereto of specific findings in favor of the plaintiff in relation to facts covered by the general finding, and not inconsistent therewith.

SALE OF REAL ESTATE—ACTION FOR BROKERS' COMMISSION—ASSIGN-MENT BY MORTGAGOR—CONTRACT WITH MORTGAGEE—AGENCY—RATIFICATION.—In an action by the assignees of a mortgagor to recover brokers' commission upon a sale of real estate against the mortgagee, which, in consideration of a deed to the mortgagee, had authorized the mortgagor to sell the property for any amount in excess of the amount due to the mortgagee, and to have the benefit of such excess, where it appeared that the mortgagor had previously employed the plaintiffs as brokers to sell the property, and his assignment of the contract with the mortgagee to them was ratified and assented to by the mortgagee, the mortgagee cannot defend on the ground that the contract with the mortgagor created an agency and was not assignable.

ID.—BREACH OF CONTRACT—RIGHTS OF MORTGAGOR AND ASSIGNEE—LIA-BILITY OF MORTGAGEE.—When the mortgagee by its conduct placed it out of its power to convey the property to the customer of the mortgagor, had he made the sale, the mortgagee would, upon tender of the money and refusal to convey, become at once liable to the mortgagor for the excess agreed upon; and such were the rights of his assignees when they made the sale, tender and demand for deed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Gavin McNab, and R. M. F. Soto, for Appellant.

Francis J. Heney, and C. A. S. Frost, for Respondents.

CHIPMAN, P. J.—Action for damages arising out of a contract authorizing plaintiffs' assignor to sell certain real property. The trial was by the court without a jury and plaintiffs had judgment, from which defendant appeals. There is a bill of exceptions, prepared by plaintiffs, to show that all of paragraph VI and part of paragraph XI of the complaint was stricken out on motion of defendant. But plaintiffs do not appeal, and the part stricken out does not impair the complaint and need be no further noticed.

The appeal is in fact upon the judgment-roll alone. The verified complaint alleges in substance as follows: That plaintiffs, at the times mentioned in the complaint, were partners engaged in the business of selling real estate; that on and prior to January 24, 1903, one Pelletier, also known as Pelkey, was the owner of certain real property in Marin county, which was then under mortgage by Pelkey to defendant; that on January 10, 1903, he had given to plaintiffs an exclusive authority, in writing, to sell said property on commission, under which contract plaintiffs had advertised the property for sale and had sought purchasers therefor, and on January 16, 1903, he made another ·similar contract with plaintiffs, in writing, giving plaintiffs similar authority for the period of ten days, to continue thereafter until canceled in writing by Pelkey, under which contract plaintiffs advertised said property for sale, spending money in that behalf, and had endeavored to find a purchaser for the same; that while plaintiffs were so engaged with the knowledge of said defendant, a suit was pending to foreclose said mortgage in the superior court of said county, which was compromised and settled by said Pelkey conveying his title in the land to defendant in consideration of defendant delivering to plaintiffs the contract of which the following is a copy: "San Francisco, Jan. 24, 1903. Thomas L. Pelletier, Esq., San Francisco, Cal. Dear Sir: We hereby agree to give you the exclusive sale of property located in Novato (describing the property in question) until April 1, 1903. Should you succeed in selling this property or any portion of it, at an approximate value of over $5,160.10, the amount due this Association, same may be retained by you as a commission for said sale. Yours truly, Continental Building and Loan Association, by Wm. Corbin"; that thereafter, on the same day, Pelkey notified plaintiffs of his having conveyed the property

to defendant, and for a valuable consideration then and there transferred and assigned to plaintiffs all his right and interest in said last aforesaid contract, indorsing thereon at the bottom thereof, in writing, the following: "San Francisco, Cal., Jan. 24, 1903. For value received I hereby transfer and deliver to Chatfield & Vinzent all my right, title and interest in the above agreement and give them the same privilege that I might receive in same; provided I receive one hundred dollars ($100.00) from Chatfield & Vinzent in case sale is made. Thomas L. Pelletier, known as Thomas Pelkey"; that on the same day plaintiffs exhibited said assignment of said contract to defendant and that defendant then and there ratified and confirmed said assignment and consented thereto, and authorized plaintiffs to proceed under said contract to sell said property; that thereafter plaintiffs diligently endeavored to find a purchaser for said land and expended money in advertising and otherwise in their said efforts; that on March 27, 1903, plaintiffs, in pursuance of said contract and assignment, sold said property to one Laymance for the sum of $7,000, and on March 28, 1903, plaintiffs demanded the conveyance of the property from defendant to said Laymance and tendered to defendant the sum of $5,260.10, at its place of business in San Francisco, between the hours of 10 A. M. and 11 A. M. of said day; that on March 30, 1903, plaintiffs notified Pelkey in writing of their willingness to perform the terms of said contract and made diligent search for him to make tender to him of $100, but were unable to find him, and that plaintiffs were, and at all times have been, ready and willing to perform all the terms of said contract and of said assignment, and have duly performed, on their part, all the conditions of the same; that on said March 28, 1903, defendant refused to convey said real property and stated that it was unable to comply with the terms of said contract of January 24, 1903, and ever since has so refused. Plaintiffs pray judgment for $1,739.90, the difference between $7,000 and $5,260.10.

A general demurrer was overruled and defendant answered, denying all the material allegations of the complaint except that it is a corporation, and that it had refused and neglected to execute a conveyance to Laymance, and it also failed to deny the alleged tender of $5,260.10 to defendant, though it denied the alleged sale to Laymance.

The court made specific findings of fact in accordance with the allegations of the complaint, and the court found, among others, that plaintiffs exhibited said assignment of contract of January 24th to defendant, but did not specifically find that defendant ratified and confirmed said assignment and consented thereto, as was alleged in the complaint. But the court made a general finding "that all of the allegations of the complaint herein are true." As conclusion of law the court found that plaintiffs were entitled to recover.

The answer consists entirely of denials and sets up no affirmative defense. Mr. Spelling says that the "decisions appear to have fully established the sufficiency of finding in the general form, where no affirmative defenses are alleged in the answer." (2 Spelling's New Trial, sec. 593.) In *Williams* v. *Hill,* 54 Cal. 390, the trial court made some specific findings and also a general finding "that all the facts set forth in the complaint are true." It was objected by defendant that there was no finding upon the alleged mistake set up in the answer. But the court held that the general finding fully answered this objection because "the facts set forth in the complaint are entirely inconsistent with the mistake alleged in the answer." "If," said the court, "the allegations of the complaint are true, there could be no mistake." (See, also, *Davis* v. *Drew,* 58 Cal. 152.) In *Johnson* v. *Klein,* 70 Cal. 186, [11 Pac. 606], held: "A finding that all the allegations of the complaint are true necessarily covers all of the issues made by the pleadings and is sufficient where the answer contained nothing but denials." In *Alameda County* v. *Crocker,* 125 Cal. 101, [57 Pac. 766], the finding was that all the facts alleged in the complaint are true, except as to those hereinafter specified, and as to these the court finds as follows: then follow certain specific findings. The court said: "We think the natural reading of the finding is, in effect, that all the facts alleged in the complaint are true, except as to those facts therein alleged and in the findings otherwise specified, as to which the facts are not necessarily untrue, but are as found specifically by the court." Cases such as *Johnson* v. *Squires,* 53 Cal. 37, *Harlan* v. *Ely,* 55 Cal. 340, *Bank of Woodland* v. *Treadwell,* 55 Cal. 379, and others, were cases where the finding left something undetermined, so that the court could not ascertain precisely what facts had been found.

The purpose of findings is to dispose of the issues of fact and to exhibit the grounds upon which the judgment rests. It is necessary, therefore, that they should be sufficiently definite and certain so as not to require an investigation on review to determine what issues are decided. When the answer consists of denials only, a general finding that all the allegations of the complaint are true would be both definite and certain and would be sufficient. And where the court, in such a case, makes a general finding, we do not think it is wholly lost because the court also undertakes to make, in addition to the general finding, certain specific findings upon facts covered by the general finding. The latter loses none of its certainty and clearness by specific findings. To hold otherwise we must lay down as a rule that where the trial court attempts to make specific findings it must specifically find upon every material allegation of the complaint, and that a general finding as to the truth of all the allegations of the complaint must be given no force whatever. We would also have to hold, in effect, that the omission to find specifically upon some one or more material facts must be taken as a finding negativing such facts notwithstanding the general finding that they are true. We know of no rule of practice in this state so broad as that. It is true that a general finding that certain averments of the complaint are true will be controlled by a special finding inconsistent with such general finding (*McCormick* v. *National Surety Co.,* 134 Cal. 510, [66 Pac. 741] ) ; but here there is no conflict between the general finding and any special finding. We think, therefore, that the court has found the fact to be that ''plaintiffs exhibited said assignment of said contract (defendant's contract with Pelkey), and said defendant then and there ratified and confirmed said assignment of said contract and consented thereto, and authorized and empowered said plaintiffs to proceed under said contract to sell said real property.'' The evidence is not brought up, and we must presume that it was sufficient to support the general finding. We have dealt thus with this question arising out of the findings because appellant makes the point that the findings are not coextensive with the complaint, for the reason that there is no specific finding upon the fact as to defendant's ratification of, and consent to, the assignment by Pelkey of his contract with

defendant. We have shown that the general finding covers that part of the complaint.

Appellant's effort to escape liability is purely technical, and wholly ignores the merits of the controversy. The judgment is so obviously just that appellant's points must be not only persuasive but so clearly convincing as to compel a reversal.

It is contended: That defendant's contract with Pelkey created the relation of principal and agent and was, therefore, nonassignable; that plaintiffs, at most, were subagents not authorized to sell, but merely to find a purchaser; that Pelkey did not, because he could not, assign the contract but only the commissions which he might earn thereunder, and as subagents, plaintiffs must look to Pelkey for compensation. It is further urged as to the complaint that it fails to allege that plaintiffs found a purchaser upon the terms offered by defendant. Appellant does not point out in what respect there is any such failure. It may not so appear in direct terms, but the averments clearly show that a sale was made so as to secure to defendant all it could claim under the contract and so far as it was concerned the sale fully met all the terms of the agreement.

We do not find it necessary to enter upon the somewhat wide field for discussion to which appellant's other points invite. It seems to us that in view of the finding of the court that defendant ratified and consented to the transfer to plaintiffs of all the rights Pelkey had under his contract and authorized plaintiffs to sell the property, we are relieved from considering whether it created the relation of principal and agent or was assignable as being coupled with an interest or was in its nature an option. The evidence is not before us, and for all we know the ratification and consent of defendant and authority to sell may have been in writing and as broad as the allegations of the complaint. Whether the contract was technically assignable as creating an agency or not, defendant made it so by its consent and by recognizing plaintiffs as possessed of all rights and powers given Pelkey.

What, then, were Pelkey's rights? He was being foreclosed; the suit was compromised and Pelkey conveyed the fee to defendant, surrendering his right of redemption, in consideration of the delivery to him of the authority to sell the property at a price that would give defendant all it

claimed to be due from Pelkey and allowing him to retain whatever excess he could get from a purchaser. He was to have about two months in which to skirmish for a purchaser who would pay the mortgage debt, and as much more as he could get, and whether this excess was much or little it belonged to him. When defendant by its conduct placed it out of its power to convey the land to Pelkey's customer, or refused to so convey upon demand and tender of the money it was to receive, defendant became at once liable to Pelkey for this excess. Such were Pelkey's rights had he made the sale and such are the rights of his assignees.

Respondents cite *Robinson* v. *Easton & Eldridge Co.*, 93 Cal. 80, [27 Am. St. Rep. 167, 28 Pac. 796], a somewhat analogous case, and numerous other cases to show that the Pelkey contract was assignable, but, as already intimated, we do not think it necessary to consider the question. Every consideration of justice and equity calls for an affirmance of the judgment to which we find in the record no sufficient answer.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.