[Civ. No. 3216. First Appellate District, Division One.—March 13, 1920.]

## CONTINENTAL NATIONAL BANK OF LOS ANGELES (a Corporation), Plaintiff, v. E. P. STOLTZ et al., Defendants; CORPORATE FINANCE COMPANY (a Corporation), Appellant; W. A. REED, Respondent.

[1] INTERPLEADER—DISPUTED COMMISSIONS DEPOSITED WITH BANK—ACTION TO DETERMINE TITLE.—Where money is paid into a bank under an agreement that a certain individual is to be paid a stated percentage thereof as commissions and the balance held in escrow for a certain corporation until a given amount is procured, and thereafter, but prior to such fund having reached the specified amount, the corporation notifies the bank that its contract with said individual has been abrogated and annulled, and demand is made that the bank pay no more money to said individual, and said corporation leaves on deposit with the bank a sum sufficient to pay the given percentage of the moneys thereafter paid into the bank with the understanding and agreement that the said sum is to be left with the bank until such time as the dispute between said individual and said corporation are adjusted, a proper case for interpleader by the bank is presented.

[2] ID.—NATURE OF PROCEEDING—WAIVER OF OBJECTIONS.—Where such bank brings an action in interpleader to determine the title to said fund thus left on deposit, and the defendants do not make any objection in the trial court to the nature of the proceeding, either by demurrer, motion, or answer, they will be held to have waived any objection they might otherwise have urged to the right of plaintiff to maintain the action as an interpleader.

[3] APPEAL—INSUFFICIENCY OF FINDINGS—ABSENCE OF EVIDENCE ON APPEAL.—Where an appeal is on the judgment-roll alone, the appellate court cannot consider the appellant's claim that the findings do not cover all the issues raised by the pleadings.

[4] ID.—WANT OF FINDING—WHEN REVERSIBLE ERROR.—A judgment will not be reversed for want of a finding unless it appears that there was evidence or lack of evidence which required the court to make a finding in favor of appellant.

[5] JUDGMENT—GENERAL FINDINGS—SUFFICIENCY OF.—Where neither the answers to the complaint in interpleader nor the answers to the cross-complaint of one of the defendants presented any affirmative defenses, the general findings of the trial court that

1. Right of interpleader, notes, 35 **Am. Dec.** 695; 91 **Am. St. Rep.** 593.

the allegations of said complaint and of said cross-complaint were true, except as in certain particulars specified, and that none of the answers of the defendants and cross-defendants was true or supported by the evidence, were sufficient.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

John W. Maltman and Ira F. Thompson for Appellant.

Geo. W. McDill for Respondent.

KNIGHT, J., *pro tem.*—This is an action in interpleader, brought by plaintiff to determine the title to the sum of $2,080, which plaintiff claims to hold in escrow. Judgment was rendered in favor of defendant and cross-complainant W. A. Reed. Defendant Corporate Finance Company, a corporation, appeals, and the appeal is presented on the judgment-roll.

The action was originally commenced against the defendants E. P. Stoltz, Continental Producing Company, a corporation, Robert Goldstein, and S. Goldstein, to require them to interplead and litigate among themselves as to the ownership of said $2,080. Afterward W. A. Reed, a judgment creditor of the defendant Stoltz, caused a writ of garnishment to be levied on said fund, and thereupon plaintiff filed an amended complaint in interpleader, for the purpose of bringing in as parties defendant said judgment creditor Reed and appellant Corporate Finance Company, the latter claiming to be the assignee of Stoltz. All of the defendants answered the amended complaint. The defendant Reed, besides answering, filed a cross-complaint, in which he alleged that the assignment from Stoltz to the Corporate Finance Company was a fraud. Defendants Stoltz and Corporate Finance Company answered the cross-complaint by denying the fraud. The other defendants, viz., Continental Producing Company, Robert Goldstein, and S. Goldstein, defaulted. The defendants Continental Producing Company, Robert Goldstein, and S. Goldstein finally filed a disclaimer, in which it was alleged that they had made a settlement with Stoltz and the Corporate Finance Company,

whereby the Corporate Finance Company, as the assignee of Stoltz, was paid all of the disputed money except the sum of six hundred dollars, which was retained by plaintiff subject to the rights of the cross-complainant Reed. The controversy was thereby narrowed down to two issues; first, whether or not the plaintiff was a mere stakeholder of an escrow fund, and, secondly, whether or not the assignment from Stoltz to the Corporate Finance Company was a fraud as against Reed. Neither the answers to the amended complaint nor the answers to the cross-complaint present any affirmative defenses. They consist merely of denials.

The judgment decreed that plaintiff held said sum of six hundred dollars in escrow, and that it was the property of E. P. Stoltz. It further decreed that the assignment of said fund from Stoltz to the Corporate Finance Company was a fraud upon and void as against the cross-complainant Reed and that Reed was entitled to satisfy his judgment, which amounted to $492 with costs and interest, out of said escrow fund of six hundred dollars.

Appellant first contends that plaintiff cannot maintain this action as an interpleader, for the reason that the money involved in the action does not constitute an escrow fund, but that it belonged to the defendant E. P. Stoltz, as a depositor in said bank, and that said deposit was afterward assigned by Stoltz to appellant.

This contention is without merit. [1] A copy of the escrow instructions under which the money was received and held by plaintiff is attached as an exhibit to the amended complaint. Said instructions were signed by the defendant Continental Producing Company, a corporation, and were delivered to plaintiff by said corporation and the defendant Stoltz, together with the stock certificate book of said corporation. According to said instructions, it was the duty of plaintiff to issue said stock to purchasers and to receive the money therefor, five per cent of which was to be deducted and paid to "E. P. Stoltz or order, the fiscal agent of said corporation," and the remaining ninety-five per cent to be held in escrow by plaintiff until that sum reached seventy-five thousand dollars, at which time said sum was to be delivered to said corporation, provided it reached that amount on or before September 1, 1916, and in the event that said sum did not reach the sum of seventy-five thousand dollars on September 1,

1916, plaintiff was to redeem the stock for the amount written across the face of said stock by plaintiff.

The amended complaint contains certain allegations, which the court found to be true, as follows: That prior to August 30, 1916, the proceeds from the sale of said stock reached the sum of thirty-four thousand four hundred dollars, of which five per cent was paid to the defendant Stoltz; that "shortly prior to said thirtieth day of August, 1916," said corporation notified plaintiff that its contract with said Stoltz had been abrogated and annulled, and demanded that plaintiff pay no more money to said Stoltz; that "on or about said thirtieth day of August, 1916," the defendants Robert Goldstein and S. Goldstein purchased stock aggregating $43,680, and paid plaintiff the purchase price therefor; that under the terms of said escrow instructions there would have been due said Stoltz the sum of $2,080, and "that said Continental Producing Company, in order to protect the said plaintiff from any loss on account of the claim of said E. P. Stoltz, left on deposit with plaintiff the said sum of $2,080, with the understanding and agreement that the said sum shall be left with plaintiff until such time as a dispute between the said Stoltz and said Continental Producing Company should be adjusted."

The facts and circumstances above narrated presented a complete case for interpleader. (*Woodmen of the World* v. *Rutledge*, 133 Cal. 640, [65 Pac. 1105]; *Freitas* v. *Freitas*, 31 Cal. App. 16, [159 Pac. 611]; *Jory* v. *Supreme Council A. L. H.*, 105 Cal. 20, [45 Am. St. Rep. 17, 26 L. R. A. 733, 38 Pac. 524]; *Youtz* v. *Farmers' etc. Nat. Bank*, 31 Cal. App. 370, [160 Pac. 855].)

There is nothing in the pleadings which indicates in the slightest way that the position of the defendant Stoltz was at any time considered that of a depositor. All of his rights in said escrow fund were shown to have originated in the terms of said escrow instructions and were governed by them. [2] The contents of the judgment-roll discloses that neither appellant nor any of the other defendants ever made any objection, by demurrer, motion, or answer, to the trial court to the nature of the proceeding. The entire pleadings were made up, and the claims of the litigants were heard and determined, upon the theory that if Stoltz was entitled to any part of said sum of $2,080, he was entitled

to it as a commission under the terms of said escrow instructions. By the acquiescence of Stoltz and of the appellant in the respects above mentioned they waived any objection they might otherwise have urged to the right of plaintiff to maintain the action as an interpleader. (*San Francisco Sav. Union* v. *Long,* 127 Cal. 107, [55 Pac. 708]; *Woodmen of the World* v. *Rutledge, supra; Myers* v. *McDonald,* 68 Cal. 162, [8 Pac. 809].)

The second contention made by appellant is that "the findings are insufficient, too vague and conflicting to support the judgment." [3] In other words, it is claimed that the findings do not cover all of the issues raised by the pleadings. Appellant has taken this appeal in such form, however, as to render this point unavailable. The appeal here is upon the judgment-roll alone. [4] The evidence is not before the court, and it is the rule that a judgment will not be reversed for want of a finding unless it appears that there was evidence or lack of evidence which required the court to make a finding in favor of appellant. (*Terry* v. *Southwestern Bldg. Co.,* 43 Cal. App. 366, [185 Pac. 212]; *Bliss* v. *Sneath,* 119 Cal. 529, [51 Pac. 848].) In *Hertel* v. *Emireck,* 178 Cal. 534, [174 Pac. 30], it is said: "Besides, the issues which, as appellant claims, were not answered by findings were raised by its own affirmative allegations. The evidence not having been brought up, we must assume that the defendant offered no proof in support of these averments. The want of findings thereon is, accordingly, no ground for reversal. (*Himmelman* v. *Henry,* 84 Cal. 104, [23 Pac. 1098]; *Winslow* v. *Gohransen,* 88 Cal. 450, [26 Pac. 504]; *Roberts* v. *Hall,* 147 Cal. 434, [82 Pac. 66]; *Coats* v. *Coats,* 160 Cal. 671, [36 L. R. A. (N. S.) 844, 118 Pac. 441].)" Notwithstanding that appellant has doubtless forfeited this point by its form of appeal, we have, nevertheless, examined the findings, in connection with the pleadings, and we are of the opinion that the findings are sufficient in both form and substance.

The first finding is that all of the allegations of the complaint are true and are supported by evidence, excepting that the escrow fund was reduced from $2,080 to $600.

The second finding, to which appellant particularly objects, is "that all of the allegations of the cross-complaint of defendant and cross-complainant, W. A. Reed, are true

and are supported by the evidence, except that there is no evidence to support the following allegations and the same are not true, to wit, the allegations to the effect that Corporate Finance Company has been or now is a mere dummy holding company for David Stoltz," and then follows a recital in abbreviated form of several allegations of fraud charged against said David Stoltz, and the finding concludes, "But said allegations are true in so far as the same are applied in the cross-complaint to the defendant E. P. Stoltz." That part of the finding concerning David Stoltz is predicated upon a number of immaterial and irrelevant allegations contained in the cross-complaint, wherein David Stoltz and E. P. Stoltz are jointly charged with fraud in this and other transactions, all of which allegations doubtless would have been stricken out by the trial court had proper motions been presented therefor. David Stoltz was not a party to this action and, so far as the pleadings, show, was not interested in any part of the fund in dispute. Therefore, that part of the above finding which relates to him is of no consequence or importance. The essential issue was the alleged fraud of E. P. Stoltz in making said assignment. The court found that those allegations were true, which was all that was necessary for the court to do in order to render its decision in the case.

The third finding is "that none of the allegations of the answers of defendant and cross-defendants E. P. Stoltz and Corporate Finance Company is true or is supported by the evidence," and the fourth finding is "that defendants Continental Producing Co., a corporation, Robert Goldstein and S. Goldstein have filed an answer to the amended complaint in interpleader herein, disclaiming any interest in or to the moneys referred to in said complaint."

[5] As above stated, the only issues of fact raised by the pleadings, and upon which the decision of the case turned, were the legal status of plaintiff as custodian of the fund and the charge of fraud against the defendants E. P. Stoltz and Corporate Finance Company, and since the answers of the defendants last named to the amended complaint and to the cross-complaint presented no affirmative defenses, the general findings adopted by the court were sufficient. (*Chatfield* v. *Continental Bldg. Assn.*, 6 Cal. App. 665, [92 Pac. 1040]; *Johnson* v. *Klein,* 70 Cal. 186, [11 Pac.

606]; *Alameda County* v. *Crocker,* 125 Cal. 101, [57 Pac. 766]; *Williams* v. *Hill,* 54 Cal. 390; 2 Spelling's New Trial, sec. 593.)

Judgment affirmed.

Richards, J., and Waste, P. J., concurred.