[Civ. No. 3324. Second Appellate District, Division Two.—March 11, 1921.]

## WM. T. KENDRICK, Respondent, v. WILL D. GOULD, Appellant.

[1] ATTORNEYS' FEES—ACTION TO RECOVER—NATURE OF EMPLOYMENT —FINDING—EVIDENCE.—In an action to recover attorney's fees, if the evidence on the question whether plaintiff was employed as defendant's attorney or for defendant in his capacity as executor is conflicting, the appellate court will not disturb the finding of the trial court to the effect that plaintiff was employed to represent defendant individually.

[2] ID. — AFFIRMATIVE ALLEGATIONS OF ANSWER — SUFFICIENCY OF FINDINGS.—In such an action, failure to make specific findings as to matters affirmatively alleged in the defendant's answer does not require a reversal of the judgment in favor of the plaintiff where the matters thus alleged do no more than to contradict some allegation of the complaint, as to which the findings are complete,

or where no evidence is introduced in support of the matters thus alleged.

[3] ID.—FINDINGS ON ANSWER—SUFFICIENCY OF.—In such an action, a finding that "each and all of the denials set forth in defendant's answer to plaintiff's complaint and amendment thereto are untrue," is full, definite and certain.

[4] ID.—REASONABLE FEE—DETERMINATION OF—EVIDENCE.—In an action to recover attorney's fees, the court may determine what sum would constitute a reasonable fee for the service rendered without regard to expert testimony as to the value of such service.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clara Shortridge Foltz and Will D. Gould for Appellant.

Neighbours, Hoag & Burke for Respondent.

CRAIG, J.—It is hard to conceive of a case wherein the rule that if a substantial conflict exists in the evidence, the findings of the trial court will not be disturbed, applies more directly than in the one at bar. [1] The principal question to be determined is, Was plaintiff employed as defendant's attorney or for the defendant in his capacity as executor? The parties do not agree in their versions of what was said at the time the contract of employment was made, but for the purpose of this appeal, the evidence given by plaintiff must be deemed to be true. He testified: "Gould, the defendant, and James H. Blanchard came into my office about the date I have mentioned, and after the usual greeting Gould says, 'We want you to help us,' or 'We want your services in the contest that has been filed in the estate of Samuel F. Baker, deceased,' and I replied 'All right,' or words to that effect. I said, 'All right.' . . . After the conversation had proceeded and just before they left the office Gould said, 'How about attorney's fees?' or 'What do you expect?' or words to that effect; and I said, 'Well, I only want a reasonable fee, and you and Blanchard are both lawyers; I would be willing to leave the amount of the fee to you gentlemen.' And my best recollection is that no reply was made to that. They went out."

From this it appears that the parties did not, in definite terms, specify the exact capacity of the employment. However, this conversation, standing alone, is surely more consistent with the theory of private employment, or at least personal responsibility, than that the plaintiff was to act for the defendant as executor and to receive his fee from the estate. All of those concerned were lawyers and it must be assumed from the fact that Gould asked Kendrick what about the fee, and Kendrick said he would leave it to Gould and Blanchard to fix the fee that they did not have in mind the court fixing the fee as, of course, they knew the court only would have authority to do in case the employment was to be that of an attorney acting on behalf of the estate and the fee to be a charge against it. If Gould had in mind that Kendrick was to look to the estate for his fee, when Kendrick said that he would leave the matter to Gould and Blanchard, the natural reply would have been, "No, we will have to let the court determine the matter."

The trial court would have been justified in concluding from the oral contract of employment that the parties intended to create a personal obligation upon the part of Gould. However, it considered further what was said and done by the parties subsequently. Appellant calls attention to the fact that plaintiff joined in a petition for the recovery of attorney's fees in the estate of Samuel F. Baker and insists that this is evidence that he regarded the employment as merely one to represent the estate. On the other side, it is pointed out that the order for substitution of attorneys, made on motion of Blanchard representing the defendant, was that "James H. Blanchard, William T. Kendrick and Will D. Gould, Esqs., be and they are hereby substituted as attorneys for said executor and Will D. Gould personally," etc., and that a motion to dismiss the contest was signed by these attorneys as "for executor and Will D. Gould personally." And we find other conflicting evidence, and evidence some of which is susceptible of being interpreted upon either theory. Under such circumstances it is elementary that the decision of the trial court will not be disturbed.

[2] One of the grounds relied upon by appellant is that the findings are incomplete. In support of this contention *Bank of Woodland* v. *Treadwell,* 55 Cal. 379, and *Warren*

v. *Robinson,* 71 Cal. 380, [12 Pac. 265], are cited. It is
apparent that these "were cases where the finding left
something undetermined, so that the court could not ascer-
tain precisely what facts had been found." (*Chatfield* v.
*Continental Bldg. etc. Assn.,* 6 Cal. App. 668, [92 Pac.
1040].) The *Bank of Woodland* v. *Treadwell* is a fair
example of others of this class in which findings have been
held insufficient because uncertain and incomplete. The
complaint included a cause of action for attorney's fees
claimed for the foreclosure of a mortgage; the answer al-
leged that the plaintiff was employed by the defendant to
perform legal services at a fixed salary and not otherwise,
and that the services rendered had been paid for by the
payment of the plaintiff's salary, and the court merely
found "that all the allegations of the complaint are true,
and all the allegations and denials of the answer contradict-
ing the complaint in any respect are untrue." Clearly,
the issue of the existence of the contract of employment and
the plaintiff's payment thereunder alleged in the answer
was one not tendered by the complaint and yet one which,
if true, would defeat plaintiff's cause of action. Conse-
quently, the finding was insufficient. But in the case at
bar it appears that, except in the counterclaim contained
in the answer, but one statement is found the effect of
which is to do more than contradict some allegation of the
complaint. That allegation is as follows: "And the plain-
tiff then and there stated to this defendant that it was not
customary for one lawyer to charge another for professional
services rendered or to be rendered and that he would make
no charge in the matter unless the defense was successful
and in case the defense was successful he would leave the
matter of his fees and compensation to said James H.
Blanchard and Will D. Gould, and that in no case should
the same exceed the amount which the court might allow him
in the matter of the estate of Samuel F. Baker, deceased,
as attorney's fees in assisting in said defense, and that there
should be no charge for attorney's fees against Will D.
Gould personally. . . . " An analysis of this affirmative
allegation discloses that it contains five propositions: First,
one to the effect that a contract of employment was entered
into by which defendant employed plaintiff to represent
him in the defense of the will of Samuel F. Baker against

a certain contest. This fact is also alleged in the complaint. Second, interpreting the language most favorably to appellant it may be construed to say, inferentially, that plaintiff was not to represent defendant personally. This allegation is no more than a denial of an allegation of the complaint "that plaintiff was employed by defendant," etc., and other similar statements therein contained; consequently, a finding "That each and all the allegations set forth in plaintiff's amended complaint and the amendment thereto are true," disposes of this mere denial, whether affirmative or negative in form, of such allegation. Third, that under no circumstances was any charge to be made against defendant personally. This is only a denial of the allegation in the complaint that plaintiff was to receive a reasonable fee to be suggested by Blanchard and Gould. It, therefore, required no special finding. Fourth, it is indirectly alleged that plaintiff was employed by defendant to represent defendant as executor. This allegation requires no finding, because even if true, it would not contradict any part of finding one above quoted or refute the allegation of the complaint that a contract to represent Gould personally was made, as it is obvious that plaintiff may have been employed to represent defendant, both personally and as executor, since defendant was interested in the outcome of the contest as a beneficiary under the will, as well as being the executor. Fifth, the allegation under examination contains the assertion that the contract of employment provided that the plaintiff's claim to any fees should be contingent upon the successful outcome of the litigation.

This statement in the answer presents an issue which, if found to be true, would defeat plaintiff's cause of action and its truth might not be regarded as definitely determined by a general finding "That each and all the allegations set forth in plaintiff's amended complaint and the amendment thereto are true," since such an allegation as to the contract of employment might be true and yet an additional agreement as to the fee being contingent would avoid liability if the defense in which the parties were engaged was unsuccessful. But the record of testimony given at the trial discloses that no witness testified in support of the allegation in the answer to the effect that the fee was to

be contingent. On the contrary, Gould in his testimony states that Kendrick, replying to the question, ''How about fees?'' said, ''It was not the custom of one lawyer to charge another personally and that he never did, and there would be no charge against the estate except as fees would be allowed, and that as Blanchard and I were both attorneys in the case in the matter of the division of those fees he would leave that to us.'' This is the only testimony which contradicts Kendrick's version of the conversation which constituted the contract of employment, and Gould makes no mention of anything being said about the fee being contingent. Hence no finding is required upon this last part of the affirmative allegation quoted from the answer; for, although a special defense may be set up in the answer, if there is no evidence to support it, we must conclude that any finding which could have been made would have been adverse to the defendant upon that issue. Under such circumstances the failure to find thereon does not require a reversal. (*Haight* v. *Costanich,* 31 Cal. App. Dec. 237, [see, also, 184 Cal. 426, 194 Pac. 26]; *Krasky* v. *Wollpert,* 134 Cal. 338, [66 Pac. 339].)

As to the allegations of the counterclaim, finding III is full and complete. It reads in part, ''that all the allegations set forth in paragraph two of defendant's counterclaim are untrue except,'' and then follows a specific finding entirely consistent with the allegations of the complaint.

In *Williams* v. *Hill,* 54 Cal. 390, it is held that a general finding, ''that all the facts set forth in the complaint were true'' is full, definite, and certain as to the issues tendered by the complaint. (See, also, *Johnson* v. *Klein,* 70 Cal. 186, [11 Pac. 606]; *Alameda County* v. *Crocker,* 125 Cal. 101, [57 Pac. 766].) [3] It follows that a finding that ''each and all of the denials set forth in defendant's answer to plaintiff's amended complaint and amendment thereto are untrue'' is full, definite, and certain. This finding was probably unnecessary, in view of the second finding that ''each and all the allegations set forth in plaintiff's complaint and the amendment thereto are true.''

Numerous other points argued are determined by the conclusions already reached. For example, if the original contract of employment was one to represent the defendant

individually, it follows that the provisions of sections 1616 and 1619, of the Code of Civil Procedure have no application. Again, there is no finding that plaintiff was employed to represent the defendant in a dual capacity but only in a personal one, consequently no question arises as to the segregation of fees. The court found that two thousand five hundred dollars was a reasonable fee for the services rendered. This finding was supported by the testimony of several lawyers. [4] The court might have passed upon the matter without regard to the expert evidence. (*Zimmer* v. *Kilborn,* 165 Cal. 523, [Ann. Cas. 1914D, 368, 132 Pac. 1026].)

The judgment appealed from is affirmed.

Finlayson, P. J., and Myers, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 5, 1921.

All the Justices concurred.