[No. 19301.   Department Two.—February 8, 1894.]

## JULIA M. FLETCHER ET AL., RESPONDENTS, v. LUCIUS DENNISON ET AL., APPELLANTS.

PROMISSORY NOTE—OPTION OF HOLDER—ELECTION—REASONABLE TIME.— Where a note gives to the holder an option either to claim compound interest upon interest not paid when due, or to claim the whole amount of principal and interest as immediately due and payable, without notice, the holder of the note has a reasonable time after a default in payment of interest in which to make his election, and it cannot be held as a matter of law that fifty-nine days is an unreasonable time within which to make the election.

ID.—PLEADING—TIME OF ELECTION.—Where the complaint avers that on the failure of the defendants to pay the installment of interest when it

became due, by the terms of the note, the plaintiffs elected to declare and did declare the principal sum and the interest thereon due and payable, it is a sufficient averment of election at the time the interest became due.

ID.—CLAIM OF COMPOUND INTEREST.—The fact that the complaint claims compound interest after the date of the alleged election does not make the complaint liable to assault upon general or special demurrer, and is immaterial, if in fact judgment was not rendered for such compound interest.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*E. C. Bower*, for Appellants.

*A. R. Metcalfe*, for Respondents.

McFARLAND, J.—On October 21, 1891, the defendants gave their negotiable promissory note to plaintiffs for three thousand dollars, due two years after date, with interest at ten per cent per annum payable semi-annually according to coupons attached. The note contained this clause: "If any interest or any installment thereof be not paid when due, it may be compounded semi-annually and added to said principal and thereafter bear interest at the rate of ten per cent per annum; or, at the option of the holder of this note, if said interest or any installment thereof be not paid when due, the whole of said principal sum shall immediately become due and payable without notice to us." At the same time defendants executed to plaintiffs a certain mortgage to secure said note. Interest not having been paid when due, plaintiffs commenced this action to foreclose the mortgage, for a deficiency judgment, etc. Those of the defendants who did not suffer default demurred to the complaint upon the general ground of want of statement of sufficient facts, and upon the special ground of ambiguity and uncertainty. The demurrer was overruled; and defendants declining to answer, judgment was rendered for plaintiffs. Defendants appeal from

the judgment upon the judgment-roll alone—relying upon the alleged insufficiency of the complaint.

Appellants' counsel argues that respondents' election to consider the principal due was not declared until fifty-nine days after such election might have been declared; and that by thus waiting they waived their right to elect at all. This contention is based upon the fact that this suit was not brought until fifty-nine days after the election might have been made, and upon the theory that there was no election until it was declared by the institution of the suit. The record before us shows that the time was only about thirty-nine instead of fifty-nine days. But, in the first place, assuming the time to be as stated by counsel, and that there was no election until the suit was brought, still we could not hold that, as a matter of law, fifty-nine days was an unreasonable time within which to make the election. (*Hewitt* v. *Dean*, 91 Cal. 5.) In the second place, it is averred in the complaint "that on the failure of the defendants to pay the installment of interest, which, by the terms of said promissory note and the said coupons, became and was due on the twenty-first day of October, 1892, the plaintiffs elected to declare, and did declare, the said principal sum and the interest thereon due and payable." This, as against a demurrer, was a sufficient averment of election at the time the interest became due.

There is an averment in the complaint that the principal sum, together with interest "to be compounded semi-annually from October 21, 1891, is now due and payable." This averment was evidently made upon the motion entertained by respondents, or their counsel, that after having elected to consider the principal due, they could, nevertheless, according to the terms of the note, recover compound interest. But assuming this notion to be wrong, still the averment did not make the complaint vulnerable to the assault of either the general or the special demurrer; and, as a fact, judgment was not rendered for compound interest.

To reverse the judgment in this case for any of the reasons urged by appellants would be to establish a precedent that would tend to make mortgage securities exceedingly insecure.

The judgment is affirmed.

DE HAVEN J., and FITZGERALD, J., concurred.