[Sac. No. 1463.    Department One.—July 26, 1907.]

## TRINITY COUNTY BANK et al., Respondents, v. F. G. HAAS et al., Appellants.

NOTE AND MORTGAGE—SINGLE TRANSACTION—NON-PAYMENT OF INTEREST —OPTION TO CONSIDER PRINCIPAL DUE.—A note and mortgage given to secure its payment, which are parts of one transaction, are to be read together, and the payee of the note may avail himself of a provision in the mortgage making the principal of the note due for non-payment of interest at the payee's option, although the note contains no such provision.

ID.—NOTICE OF EXERCISE OF OPTION—COMMENCEMENT OF ACTION—TEN-DER OF PAYMENT OF INTEREST.—The holder of the note and mort-gage containing such optional provision, before commencing an action of foreclosure, need not give any formal notice to the defaulting maker of his election to declare the principal due for non-payment of interest, the commencement of the action itself being notice of the exercise of the option. The principal sum, however, does not become due *ipso facto* upon default in the payment of interest, nor until the option is exercised; and if after such default, and before the option has been in fact exercised, the maker of the note pays or offers to pay the overdue interest, the right to exercise the option is lost.

ID.—TENDER AND PAYMENT BEFORE EXERCISE OF OPTION.—If, before the holder of the note exercised his option to declare the principal due for non-payment of interest, the maker of the note tenders the interest due and deposits the same in bank and notifies the holder thereof, as provided by section 1500 of the Civil Code, such acts constitute a payment; and the tender of payment without the deposit in bank is equally effective to destroy the right of the holder to declare the principal due. After such payment or tender the holder of the note cannot rely upon the commencement of a foreclosure suit as an exercise of his option, nor can a statement, made after the tender, that the holder had exercised his option of considering both principal and interest due have any effect.

ID.—HOW OPTION IS EXERCISED—OVERT ACT NECESSARY.—A holder of such note cannot be held to have exercised such option until he manifests his election by some outward act. A mere mental deter-

mination, or a direction to his attorney to proceed to foreclose, not communicated to the maker, is not sufficient.

ID.—PLEADING—ALLEGATION OF ELECTION—EVIDENCE—FINDINGS.—In an action to foreclose such a note and mortgage, an allegation in the complaint, in the present tense, that the plaintiff ''elects to declare the whole of the principal and interest thereon now due and payable,'' must be construed to refer to an election made at the time of the complaint, and evidence of a prior election and a finding thereon were outside of the issues and should not be considered.

APPEAL from a judgment of the Superior Court of Trinity County and from an order refusing a new trial. James W. Bartlett, Judge.

The facts are stated in the opinion of the court.

. William C. Bissell, for Appellants.

D. J. Hall, and H. R. Given, for Respondents.

SLOSS, J.—The defendants appeal from a decree foreclosing a mortgage and from an order denying their motion for a new trial.

On January 11, 1904, the defendants F. G. Haas and Emily E. Haas made and deliverd to plaintiffs their promissory note for $5,969.73, payable one year after date, with interest thereon at the rate of one per cent per month from date until paid, said interest payable quarterly, and, if not so paid when due, to be added to the principal and to bear interest at the same rate as the principal sum. On the following day, said defendants executed and delivered to plaintiffs a mortgage of real property to secure their note. The mortgage provided that ''in case default be made in the payment of the said principal or any installment of interest as provided, then the whole sum of principal and interest shall be due at the option of the said parties of the second part [the payees], or assigns.''

On September 6, 1904, the defendants F. G. and Emily E. Haas conveyed to the defendant Joseph Elliott the greater part of the mortgaged premises, Elliott assuming the payment of the mortgage debt.

The first installment of interest, payable on April 11, 1904, was paid when due. This action was commenced October 17,

1904, the plaintiffs alleging in their complaint that no further interest had been paid, and "default having been made in the payment of the sum of interest due July 11th, 1904, plaintiffs, in accordance with the terms of said mortgage elect to declare the whole of said principal sum and interest thereon from April 11th, 1904, now due and payable." The answers allege that all interest due upon said note or by said mortgage "has been heretofore paid, and that the principal sum of said note and mortgage is not yet due." The court found against the plea of payment; found that plaintiffs had, on or about the third day of October, 1904, elected to declare the principal and interest due, and, as has been stated, granted to plaintiffs a decree of foreclosure.

The finding that the interest had not been paid is attacked as unsupported by the evidence. It appears, without contradiction, that on October 11, 1904, six days before the commencement of the action, the defendant Elliott, who had assumed the payment of the note and mortgage, tendered to the plaintiffs the interest then due, comprising the two installments payable respectively on July 11, 1904, and October 11, 1904, and amounting to about $368.20. The tender was refused on the ground that plaintiffs had exercised their option "of considering both principal and interest due on that note and that the [their] money was not sufficient." The defendant Elliott immediately deposited the sum of three hundred and seventy-five dollars in gold coin in the name of plaintiffs in a bank of deposit of good repute and gave notice thereof to plaintiff. (Civ. Code, sec. 1500.) There is no evidence that at any time prior to October 11th the plaintiffs notified any of the defendants they had elected to declare the principal of the note due, or that they ever demanded payment of such principal. Evidence offered by defendants to show that plaintiffs had not given such notice or made such demand was excluded. The agent of plaintiffs was allowed to testify, over defendants' objection, that two weeks before the commencement of the suit he had elected to declare the whole note due and payable and had directed the attorneys of the plaintiffs to proceed to foreclose the mortgage.

The note and mortgage, being parts of one transaction, are to be read together, and the plaintiffs may therefore rely on the provision contained in the mortgage, making the principal

due for non-payment of interest at the payees' option, although the note contains no such provision. (*Phelps* v. *Mayers,* 126 Cal. 549, [58 Pac. 1048]; *Meyer* v. *Weber,* 133 Cal. 681, [65 Pac. 1110].) The contention of the appellants is that they had the right to pay the accrued interest and defeat the right to exercise this option at any time before it had actually been exercised, and that it could not be validly exercised by any determination reached in the creditors' own minds and not communicated in any way to the debtors.

It is settled by several decisions of this court that the holder of an instrument of this kind need not, before commencing his action, give any notice to the defaulting maker of his election to declare the principal due for non-payment of interest. (*Hewitt* v. *Dean,* 91 Cal. 5, [27 Pac. 423]; *Sichler* v. *Look,* 93 Cal. 600, [29 Pac. 220]; *Clemens* v. *Luce,* 101 Cal. 432, [35 Pac. 1032]; *Bank of Commerce* v. *Scofield,* 126 Cal. 156, [58 Pac. 451].) As was said in *Hewitt* v. *Dean,* 91 Cal. 5, [27 Pac. 423], "The commencement of the action was notice of the exercise of the option, . . . and no previous notice or demand was necessary." But while a formal notice before suit is not necessary, the principal sum does not become due *ipso facto* upon default in the payment of interest. The clause in question gives to the holder of the note a mere option which he may take or waive. (*Belloc* v. *Davis,* 38 Cal. 242.) He is entitled to a reasonable time in which to determine whether or not he will claim his right. (*Hewitt* v. *Dean,* 91 Cal. 5, [27 Pac. 423]; *Fletcher* v. *Dennison,* 101 Cal. 294, [35 Pac. 868].) If after a default in the payment of interest the holder accepts the overdue interest (*Belloc* v. *Davis,* 38 Cal. 242), or delays unreasonably before electing to declare the principal sum due (*Crossmore* v. *Page,* 73 Cal. 213, [2 Am. St. Rep. 789, 14 Pac. 787]), the right to exercise the option is lost. And we think it is equally lost if before the option has been in fact exercised the defaulting debtor pays or offers to pay the overdue interest. Until such option has been exercised the principal of the note is not due. Until then the holder has a mere option to declare it due. During this interval he has, by his failure to act, in effect declared that he will not regard the delay already past as sufficient ground for asserting the right given him. The delay to that extent is waived by him. If, then, before the exercise of the option, the

debtor pays the accrued interest, the condition upon which the holder may declare the whole note not due does not exist. The interest is no longer unpaid, and the creditor cannot take advantage of a prior delay which he has already waived. Here the debtor, by his tender, followed by the deposit in bank, extinguished the obligation to pay the interest then due. Such tender and deposit constituted a payment (Civ. Code, sec. 1500), if made before the plaintiffs had exercised their option to declare the principal due. And the offer of payment, without the deposit in bank, was equally effectual to destroy the right of the plaintiffs to declare the principal of the note due. (Civ. Code, sec. 1504.)

The plaintiffs cannot therefore rely upon the commencement of the suit as an exercise of their option. When the complaint was filed, the interest had already been paid. Nor can any effect, as against the defendants, be given to the statement made by the agents of plaintiffs in response to the tender, that the plaintiffs had exercised their option of considering both principal and interest due. Such statement was made after the rights of the defendants had become fixed by their tender.

It is true that the court finds that the plaintiffs had on or about the third day of October, 1904, elected to declare the principal and interest due.

This finding is based upon the testimony that the plaintiffs had on or about the date last stated directed their attorneys to proceed to foreclose. We think the rights of the defendants could not be cut off by such *ex parte* determination not communicated to them. The plaintiffs had a right of election, and, having elected, had the right to proceed without notice to the defendants, but they cannot be said to have exercised their option until by some outward act beyond a mere mental determination or a direction to their own agents, they had manifested their election. Furthermore, the complaint does not allege any election prior to the commencement of the action. The allegation is that plaintiffs "*elect* to declare the whole of said principal sum and interest thereon from April 11, 1904, now due and payable." This statement, which is in the present tense, must be taken to refer to the time of filing the complaint. It was not denied. The allegation was probably unnecessary, as the filing of the complaint seeking

the relief claimed sufficiently evidenced an exercise of the option at the time of such filing. But, under the averment as made, evidence of a prior election was outside of the issues, and was objected to on this ground. For the same reason the finding of an election on October 3, 1904, is entitled to no consideration.

It follows that, in the present condition of the pleadings and the evidence, the action seems to have been prematurely begun, the principal sum sued for not being due when the complaint was filed.

The judgment and order appealed from are reversed, and the cause remanded for a new trial. The plaintiffs, if so advised, should have leave to amend their complaint.

Shaw, J., and Angelotti, J., concurred.