[L. A. Nos. 1973, 1993. Department Two.—April 29, 1908.]

# H. S. PATTEN et al., Respondents and Appellants, v. PEPPER HOTEL COMPANY, Appellants; GERMAN SAVINGS AND LOAN SOCIETY, Cross-Complainant, Respondent, and BARR REALTY COMPANY, ABBIE E. BARR et al., Co-Defendants.

FORECLOSURE OF MORTGAGE BY SECOND PLEDGEES—FIRST PLEDGEE MADE DEFENDANT — CROSS-COMPLAINT — OBJECTION TO PARTIES BY VENDEE OF MORTGAGOR.—The second pledgee of a note and mortgage, though not the holder thereof, has such an interest therein as entitles him to foreclose the same, where the first pledgee who is the holder thereof is made a party to the action. The grantee of the mortgagor is ·not entitled to object that the first pledgee is made a party defendant and not joined as co-plaintiff. But such objection is obviated where the first pledgee files a cross-complaint to foreclose the mortgage, thus virtually uniting in the foreclosure.

ID.—EXERCISE OF OPTION BY HOLDER TO DECLARE PRINCIPAL SUM DUE— RIGHT OF SECOND PLEDGEE TO FORECLOSE—INUREMENT OF BENEFIT. —Where the first pledgee as holder of the note and mortgage, has exercised an option given in the mortgage to declare the principal sum due for non-payment of interest, the exercise thereof inures to the benefit of the second pledgee of the note and mortgage as plaintiff, and an allegation made in the complaint that such option has been exercised by the first pledgee, as holder, entitles the plaintiff to claim such option by suing to foreclose the mortgage.

ID.—TIME OF ELECTION BY HOLDER OF NOTE—PLEADING—ADMISSIONS— FINDING UNNECESSARY.—Where both the complaint of the plaintiff, and the cross-complaint of defendant bank as holder, each avers that because of default in the payment of the interest on the mortgage note they had both elected to exercise the option provided for therein, and had declared the whole of said note due and payable, and such averments are admitted by failure to deny them specifically, no finding was required to be made upon the matter so admitted.

ID.—TENDER OF INTEREST SUBSEQUENT TO EXERCISE OF OPTION.—Tender of interest subsequent to the exercise of the option could not affect such exercise, or raise any issue thereon.

ID.—CONSIDERATION OF NOTE AND MORTGAGE—ATTACK BY VENDEE OF MORTGAGOR.—Where the maker of the note and mortgage was not a party to the action to foreclose the mortgage against his grantee, who as part of the purchase price assumed payment of the indebtedness to the pledgees, such grantee cannot as against them assail the note and mortgage for want of original consideration.

ID.—ATTORNEY'S FEES ON FORECLOSURE—DISCRETION.—The amount to be allowed as attorney's fees on the foreclosure of a mortgage, rests peculiarly in the discretion of the court.

ID.—BASIS OF AWARD OF FEES.—The extent of the responsibility which an attorney assumes by reason of the amount involved in the foreclosure proceedings which he is conducting, and his actual services therein are to be considered, for the purpose of fixing the compensation.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.

The facts are stated in the opinion of the court.

Percy B. Lloyd, for Plaintiffs, Respondents and Appellants.

E. C. Bower, and Enoch Pepper, for Pepper Hotel Company, Appellant.

W. B. Mathews, for German-American Savings Bank, Respondent.

LORIGAN, J.—This action was brought by the plaintiffs as second assignees and pledgees of a note and mortgage to foreclose said mortgage.

The complaint alleged that on August 25, 1903, Coonrod Smith (not a party to the action) executed to the defendant Abbie E. Barr a promissory note for sixty thousand dollars payable five years after its date and to secure its payment also executed a mortgage in her favor on the property described in the complaint. The note set forth in the complaint provided for the payment of interest quarterly and contained an option in favor of the holder of the same to declare the whole principal and interest due in case of default in payment of the interest. It is then alleged that subsequent to the execution of said note and mortgage, said defendant Abbie E. Barr made two assignments thereof, in pledge however, one to secure the payment of an indebtedness then owing by the defendant Barr Realty Company to the defendant German-American Savings Bank on the promissory note of said company in the sum of thirty-five thousand dollars, the other

assignment being in pledge to secure an indebtedness due to the plaintiffs from the said Barr Realty Company in the sum of $38.340.60 evidenced by a promissory note of said realty company; that said second assignment to plaintiffs was subject to the pledge of said note and mortgage in favor of the defendant bank; that default in the payment of the interest due on said promissory note of said Smith had been made and because thereof the German-American Savings Bank, as the owner and holder of the same had elected to exercise the option in said note contained and declared the whole of said note, principal and interest, due and payable; that because of said default, the plaintiffs also had elected to declare the whole of said note executed by Smith due and payable. It is then alleged that the defendant Pepper Hotel Company, by mesne conveyances since the execution of said mortgage by Smith, had become and was the owner of the real estate covered by said mortgage. The prayer was for a foreclosure and sale of the mortgaged premises; and that the proceeds of said sale be applied first to the payment of the note of the Barr Realty Company to the defendant bank, and second, for the application of the balance of the proceeds to the payment of the promissory note executed by said Realty Company in favor of plaintiffs.

The defendant Pepper Hotel Company demurred to the complaint, challenging the sufficiency of the facts stated to warrant relief and asserted as a further ground that there was a defect and misjoinder of parties plaintiff and defendant. The demurrer was overruled, and thereafter an answer and cross-complaint was filed by the defendant German-American Savings Bank. The answer admitted all the allegations of the complaint. The cross-complaint set up substantially the same facts that were contained in the complaint relative to the assignment and pledge of said Smith note to the bank by the defendant Abbie E. Barr to secure payment of the note of the Barr Realty Company; that default in the payment of interest on both notes had been made; that it had elected to exercise the option provided for in the Smith note and had declared the whole of said note, principal and interest, due and payable, and concluded with a prayer similar to that in the complaint for the foreclosure of the mortgage and application of the proceeds.

The Pepper Hotel Company, by its answer, as a defense to the claim of both the plaintiffs and the cross-complainant German-American Savings Bank, averred that the note and mortgage from Smith to the defendant Abbie E. Barr were without consideration and that the plaintiffs and the said bank took their assignments thereof with notice of that fact. By way of a relief against a foreclosure of said mortgage it was averred that the Pepper Hotel Company was willing and able and intended to pay the interest which fell due on the Smith note on July 12, 1905 (and for default in the payment of which the option was exercised), but that circumstances over which it had no control prevented it from so doing until about the 20th of July, 1905; that on said date said hotel company offered to pay the cross-complainant bank all accrued interest on said note and that on the 25th of July, 1905, a similar offer was made by the defendant. It was then averred that if a foreclosure be ordered it will entail great financial sacrifice on said hotel company to meet the judgment; that if said note were permitted to run to maturity according to its terms, said hotel company would meet the payments thereof without such great loss; that the said mortgaged premises were ample security for said debt, were worth the sum of ninety thousand dollars, and that cross-complainant is in no danger of loss because of insufficient value of said property. The prayer is that the note and mortgage be declared void for want of consideration, or that if held to be valid, and a valid lien against the property of the hotel company that said company be relieved from the penalty of having the principal of said note declared due and payable; that said defendant cross-complainant bank be required to accept said interest and that the action be dismissed.

The German-American Savings Bank and the Pepper Hotel Company were the only defendants who answered, the others making default.

The findings of the court were in favor of the plaintiffs and the cross-complainant bank, and a judgment decreeing a foreclosure and sale and application of the proceeds as prayed for by them was ordered entered thereon. The Pepper Hotel Company appeals from said judgment and also from an order denying its motion for a new trial.

The plaintiffs also appeal from that portion of the judgment which allows them but six hundred dollars as attorney's fees.

Both appeals will be disposed of herein.

As to the main appeal by the Pepper Hotel Company. Several grounds are urged by it for a reversal of both the judgment and the order, but there are only a few which we think merit consideration.

It is insisted on the appeal from the judgment that the court erred in overruling the demurrer of appellant to the complaint. Its position in that respect is, first, that plaintiffs had no right to bring the action because not being the holders of the note they could not exercise the option to declare the principal due as it is provided in the note that such option must be exercised by the holder thereof, and that the German-American Savings Bank, and not the plaintiffs, had the actual control and exercised dominion over said note and mortgage as a pledge; second, that plaintiffs and the German-American Savings Bank being united in interest, there was a nonjoinder of parties plaintiff in not making the bank a plaintiff, and a misjoinder of parties defendant in making the bank a defendant without alleging that the bank refused to join as a plaintiff. In support of the second point, appellant cites section 382 of the Code of Civil Procedure. While it is true that the plaintiffs did not actually hold the note and mortgage of Smith, they being held by the defendant bank as the first assignee and pledgee thereof, it is not questioned but that the plaintiffs had such an interest in said note and mortgage as would entitle them to maintain an action for foreclosure, but it is insisted that the complaint does not disclose a present right to do so, nor did the plaintiffs attempt to enforce such right by proper pleadings, and hence the demurrer should have been sustained upon all the grounds urged. We cannot agree with this view. From the allegations in the complaint itself, it appears that there is nothing in the point made by appellant that the plaintiffs not being the holders of the note could not exercise the option to declare it due. It is alleged therein, not only that the plaintiffs had exercised the option, but that the bank, the actual holder of the note when the action was commenced, had also done so. If it be conceded that the plaintiffs, not being the holders,

could not exercise the option, still no question can be made but that the bank could do so, and that its action in that respect would inure to the benefit of plaintiffs.

As to the other point urged, of defect and misjoinder of parties.     There are, at least, two sufficient reasons why the point is untenable.   It will be observed that the bank as first assignee of the note and mortgage and the mortgagee Abbie E. Barr were both made parties to the action as defendants. All those, therefore, who were interested in enforcing the lien of the mortgage were before the court either as parties plaintiff or defendant.   This was all that the appellant, as successor in interest to the mortgagor, could insist on.    It was immaterial to the appellant, as such successor, whether the bank as first assignee of the note and mortgage, was a party plaintiff or defendant.  If the bank did not object, it did not lie with appellant as successor of the mortgagor to raise the question.   The same point urged here was before the court of appeals of New York in *Simpson* v. *Satterlee,* 64 N. Y. 657, where the decision of the supreme court in the same case (6 Hun, 305) was affirmed.    That action was to foreclose a mortgage for four thousand dollars from the defendants Satterlee to the plaintiff's testator and assigned by said testator to the defendant Martling to secure payment of one thousand dollars.     The complaint alleged the assignment, that the debt for which the mortgage had been pledged had been unpaid, and prayed that from the proceeds of the sale the amount thereof should first be satisfied.   The defendants Satterlee—the mortgagors—demurred to the complaint on the ground, among others, that the defendant Martling should have been made a plaintiff instead of a defendant.   The demurrer was overruled, and on appeal it was held by both courts that while in such actions the pledgee is a necessary party, still as far as the mortgagor, or other parties in interest are concerned, it is immaterial whether he be made a party plaintiff or defendant; that so long as the assignee was a party and did not object to his position under the pleadings, the mortgagor could not raise the question. (See, also, *Burlingame* v. *Parce,* 12 Hun, 149.)  There is no difference between the case at bar and the cases referred to so far as the principle announced in the latter is concerned.

Aside from this, however, and as an additional reason why the point urged is untenable, it appears that after the demurrer was overruled, the defendant German-American Savings Bank filed a cross-complaint in which it alleged practically the same facts as were contained in plaintiffs' complaint, among others, a default in the payment of the interest on the sixty thousand dollar note and that it had elected to exercise the option contained therein of declaring the whole amount due and sought a foreclosure of the mortgage. So that in effect it joined with the plaintiffs in the action to foreclose, and hence, if there was any merit in appellant's point as to a defect or misjoinder of parties, it was subsequently obviated by the filing of the cross-complaint in which the bank became a plaintiff in the case. A judgment will not be reversed for a ruling on demurrer for nonjoinder or misjoinder of parties when it appears from subsequent pleadings that for all intents and purposes of the action, the defect complained of has been supplied or removed.

Now as to the appeal from the order denying the motion of appellant for a new trial. It is insisted, first, that the court erred in refusing to allow appellant to offer evidence with a view of showing that the Smith note and mortgage were made wholly without consideration.

As heretofore stated, Smith, the maker of the note and mortgage was not a party to the action; nothing whatever was sought against him. The attack upon the note and mortgage was sought to be made by the appellant as successor in interest of Smith to the mortgaged premises. Under the conceded facts in the case, however, appellant had no right to make such attack. It appears from the evidence that appellant purchased the property mortgaged from the Barr Realty Company, the successor in interest of Smith, long after the execution of the note and mortgage by him, and that as a part of the purchase price thereof, appellant assumed the payment of an indebtedness of one hundred and two thousand dollars; that this consisted of several amounts contained in a certain schedule introduced in evidence. From the schedule it appeared that among other items of indebtedness represented by this one hundred and two thousand dollars so assumed and to be paid by appellant, were the sums due to the bank and the plaintiffs on the notes of the Barr Realty Company

to secure the payments of which the assignments of the sixty-thousand-dollar note and mortgage were made by the defendant Abbie E. Barr. It further appeared by the terms of an instrument executed between the appellant and the said bank, having reference to the said two notes to secure which the assignment of the Smith note and mortgage had been made by the defendant, that it was expressly agreed by the appellant that the mortgage should be a lien on the real property described therein as security for the payment of said sixty-thousand-dollar note. Under these conceded facts the appellant had no right to attack the note and mortgage of Smith for want of consideration. It assumed the payment and discharge of them as part of the purchase price. If, under the circumstances, the attack which the appellant was attempting to make, were permitted, it would be in effect to hold that, notwithstanding, appellant as purchaser retained sixty thousand dollars of the purchase price of the land under an express agreement to pay it to plaintiffs and the bank in discharge of a note and mortgage on the purchased premises, still it might show that there was no consideration for said note and mortgage, and thus defeat the loan and retain the money. This would be clearly inequitable and the law does not permit it to be done. The rule is that failure or want of consideration as between the parties to a mortgage cannot be set up as a defense by a purchaser of the lands subject to the mortgage which is in fact part of the consideration, whether he has expressly assumed the mortgage as a part of the purchase money or not. (Jones on Mortgages, 6th ed., sec. 1491; *Pratt* v. *Nixon,* 91 Ala. 192, [8 South. 751] ; *Freeman* v. *Auld,* 44 N. Y. 50; *Price* v. *Pollock,* 47 Ind. 362.)

The next point raised is as to one of the findings of the court upon the exercise of the option contained in the note. The court found that the interest on the sixty-thousand-dollar note, which was due on July 12, 1905, had not been paid, and that "on account of such failure to pay said interest, said defendant and cross-complainant German-American Savings Bank and said plaintiffs thereupon elected to declare and did declare the whole of the principal of said $60,000 note and the interest thereon due and payable."

The appellant claims that the portion of the finding which we have quoted was not sustained by the evidence; that the

uncontradicted evidence shows that when appellant offered
to pay the bank the interest on the sixty-thousand-dollar note
on July 28, 1905, (the bank having agreed that the appellant
might have until the twelfth day of July, 1905, to pay it,)
the option which it was provided might be exercised on de-
fault of payment of interest had not in fact been exercised.
But we do not think under the pleadings that this point is
available to appellant. The complaint of plaintiffs and the
cross-complaint of the defendant bank alleged that because
of default in the payment of interest on said sixty-thousand-
dollar note, they had both elected to exercise the option
provided for therein and had declared the whole of said note,
principal, and interest due and payable. These allegations
were not denied by the appellant, either in its answer to the
complaint or cross-complaint, so that neither evidence in
their support nor finding upon them was necessary. As we
understand the briefs of appellant it is not claimed that there
was any specific denial of these allegations as to the exercise
of the option. Its position is that taking the allegations of
the complaint and the cross-complaint in connection with the
averments in the answer of the tender of interest to the bank
at the dates therein alleged, an issue was raised as to the right
of plaintiffs and the cross-complainant bank to exercise the
option and was equivalent to a denial of its exercise prior
to the tender. But this position of appellant can only be
sustained upon the theory that the allegations in the com-
plaint and the cross-complaint as to the exercise of the option
maturing the indebtedness must be construed to mean that
at the time of and by the filing the complaint and cross-
complaint only (on September 5 and October 5, 1905 re-
spectively) the plaintiffs and the cross-complainant bank
elected to exercise the option; that these allegations do not
amount to a statement that the option had been exercised
prior to that date. But the allegations in the complaint and
cross-complaint are not subject to that construction. In
*Fletcher* v. *Dennison,* 101 Cal. 292, [35 Pac. 868], an action
to foreclose a mortgage, it was alleged ''that on the failure
of the defendants to pay the installments of interest which
by the terms of said promissory note and said indebtedness
became and was due on the 21st day of October, 1902, the
plaintiffs elected to declare and did declare the said principal

and the interest thereon due and payable." The action was brought some thirty-nine days after default in payment of interest and when the option might·have been exercised. A general demurrer to the complaint was interposed and overruled. On appeal from the judgment by the defendants it was urged that the option to declare the whole note due under the allegations of the complaint was not exercised until the filing of that pleading and as the complaint was not filed until thirty-nine days after the right to exercise the option had accrued, the plaintiff had waited an unreasonable time and hence had waived his right to exercise the option. It was held by this court that the allegation of the complaint which we have quoted "as against a demurrer was a sufficient averment of election at the time the interest became due." The allegations in the complaint and cross-complaint as to the exercise of the option are in no respect materially different from the allegation construed in the case cited. Here plaintiffs alleged that because of default in the payment of interest, plaintiffs and the cross-complainant bank have elected to exercise the option and have declared all the indebtedness due, and under the authority of the case cited this was a sufficient averment of the exercise of the option at the time the interest became due and when default was made in its payment. As this was the effect of the allegations it was incumbent upon the appellant in order to raise an issue as to the exercise of such option to deny the allegations as broadly, at least, as they were made. This, it is clear, it did not do. While it is true that a tender of interest by appellant prior to the exercise of the option provided for in the note in question would, if properly pleaded, have defeated any right of the plaintiffs or cross-complainant to subsequently elect for that default to exercise such option (*Trinity County Bank* v. *Haas,* 151 Cal. 553, [91 Pac. 385], still the answer here as framed does not present that defense; it does not aver that the tender of interest was made prior to the exercise of the option. The allegations being, as we have seen, a sufficient averment of the election to exercise the option at the time default was made in the payment of the interest, it is clear that the answer makes no denial of such alleged election at that time, nor do the averments of tenders of interest, which appellant contends amounts to a denial of the right to ex-

ercise such option, have that effect. The averments in the
answer are that the appellant tendered the interest on the
20th of July, 1905, and again on the 25th of that month—
eight and thirteen days respectively after the interest fell due
and when the right to exercise the option accrued. Such
averments clearly raise no issue upon the allegation of the
exercise of the option as made by the complaint. In fact they
show that these tenders were subsequent to the exercise of
the option, which under the allegations of the complaint must
be taken to have been exercised as of the date when default
in the payment of interest occurred. It was incumbent on
the appellant, if it desired to interpose as a defense the tender
of interest prior to the option as alleged in the complaint and
cross-complaint, to have averred that such tenders were made
prior to the alleged exercise of such option. No such aver-
ment was made and hence no issue upon the subject was raised
by the pleading. There was no necessity of introducing
evidence upon an allegation which was not denied, as it was
clearly unnecessary for the court to have found upon it.

We now approach the last point made by the appellant,
which we think merits consideration.

It insists that the exercise of the option provided for in the
note imposed terms upon the appellant in the nature of a
penalty or forfeiture which should not be enforced by a court
of equity and from the effect of which under the evidence in
the case the trial court should have relieved it.

As to this contention it may be said in passing that it is
quite apparent from the averments of the answer relating to
the tender of the interest by appellant and other averments
setting forth matters in excuse of its non-payment, when due,
that these averments were made in support of its prayer for
relief from the option alleged in the complaint and cross-
complaint to have been exercised and were not intended to
raise an issue as to whether the exercise of the option was in
fact made as alleged, which latter point we have just had
under consideration. However, as to the right of appellant
to be relieved from what it denominates the penalty or for-
feiture imposed under the option provided for in the note it
insists that it should have been accorded such relief under
the general principles of equity and under section 3275 of
the Civil Code which provides that "Whenever, by the terms

of an obligation, a party thereto incurs a forfeiture, or a loss
in the nature of a forfeiture, by reason of his failure to com-
ply with its provisions, he may be relieved therefrom, upon
making full compensation to the other party, except in case
of a grossly negligent, willful, or fraudulent breach of duty.''
Now, if it be conceded that the option provided for in the note
was such a penalty or forfeiture, from the effect of which
the appellant might be relieved, still before it could be en-
titled to relief it was essential to support by proof the aver-
ments in its answer under which it sought to bring itself
within the provisions of the section. In this regard it alleged
that the defendant bank had in February, 1905, expressed to
appellant its intention of being indulgent in the matter of the
payment of the note and mortgage, which expressions lulled
appellant into a sense of security; and that by reason of cir-
cumstances over which it had no control it was prevented from
paying the interest due July 12, 1905, until it made the tender
thereof on July 20th and again on July 25th of that year. The
court, however, found that no tender of interest was made by
the appellant until July 28, 1905. It was found against the
other averments of the answer as to the alleged expression of
a desire by the bank to be indulgent to appellant and against
the appellant upon its claim that it was prevented from mak-
ing the payment of the interest by circumstances which it
could not control. Hence, it will be observed that as to all
the averments upon which appellant bases its application for
relief the court found against it and the evidence sustains
the findings. Under these circumstances appellant was en-
titled to no relief. It showed no justification or excuse at all
for its omission to make payment when due.

These are the only points which we deem necessary to dis-
cuss on the appeal of the defendant Pepper Hotel Company.
We have examined the other points which are made and are
satisfied that they are without merit.

As to the appeal of the plaintiffs from that portion of the
judgment allowing them attorney's fees to the extent of six
hundred dollars only. No evidence was introduced as to what
would be a reasonable attorney's fee. That matter was left to
the determination of the court with the above result. It is
claimed that it was an abuse of discretion on the part of the
court not to have made a larger allowance. We do not per-

ceive in the record anything which discloses any abuse of dis-
cretion, and before we would be warranted in interfering
with the award, that must affirmatively appear. The amount
which will be allowed as attorney's fees on the foreclosure of
a mortgage rests peculiarly in the discretion of the trial
court. That court is familiar with the pleadings and proceed-
ings on the trial and it is in the best position to determine
what is, in the light of the facts, a reasonable amount of com-
pensation to be paid for attorney's fees. From the record
before us it appears that the pleadings were simple and that
the actual trial of the issues in the case could have taken but
a short time. It is true, as stated by appellant, that a large
amount of money was involved and that this should be
taken into consideration in determining the amount of com-
pensation. So it should, and doubtless was, but the compen-
sation to be awarded is not to be determined by a percentage
calculation on the amount of the mortgage debt. It is the ex-
tent of the responsibility which an attorney assumes by reason
of the amount involved in foreclosure proceedings which he
is conducting that is to be taken into consideration, together
with his actual services in the foreclosure proceedings, for the
purpose of fixing his compensation. These matters were all
taken into consideration by the trial court and it cannot be
said on the record before us that the allowance as made was
unreasonably low, or that there was any abuse of discretion
in fixing it at the amount which the court did.

The judgment and order appealed from by the Pepper
Hotel Company are affirmed, as is also that portion of the
judgment appealed from by the plaintiffs.

Henshaw, J., and McFarland, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing
in Bank, and filed the following opinion on June 12, 1908:—

BEATTY, C. J.—Having dissented from the order of the
court denying a rehearing of this cause, I desire very briefly
to state the grounds of my dissent. The case of *Fletcher* v.
*Dennison,* 101 Cal. 292, [35 Pac. 868], does not, in my opinion,

support the construction given to the allegations of the complaint and cross-complaint in this action, as to the date of the election to treat the whole amount of the mortgage debt as due for default in the payment of interest. The allegation in respect to this matter in the case cited, is quoted in the opinion of the court. The allegations of the complaint and cross-complaint in this action are simply (in the first) that, "these plaintiffs have elected to exercise the option in said note contained, and have declared and hereby do declare the whole of the principal of said sixty-thousand-dollar note . . . due and payable"; and (in the second) "That default has been made in the payment of interest on said sixty-thousand-dollar note, and because thereof this cross-complaint has, as the owner and holder of said note last mentioned, elected to exercise," etc.. These allegations, according to their grammatical and logical construction, mean nothing more than that the option of the respective assignees of the mortgage was exercised at the time of filing their several complaints, and by that means. So construed, it was impossible to deny them, and the hotel company did all that it could do, and all that was necessary to raise the material issue, by alleging a tender on the 25th of July, which was more than a month before the commencement of the action. The evidence very clearly shows that the tender was made as early as the 28th of July, and prior to any notice of an election to treat the whole debt as due. This was a complete defense to the action. (*Trinity Co. Bank* v. *Haas,* 151 Cal. 553, [91 Pac. 385].)

I think also that if section 3275 of the Civil Code applies to cases of this character, the offer to pay at the time it was made should have been held to relieve the penalty or forfeiture of the credit. The court found the neglect to pay the interest on the day it was due, to have resulted from carelessness and forgetfulness, but it did not find that the negligence was gross, and if not it would not uphold the forfeiture or justify the imposition of the penalty.