[L. A. No. 3365. Department Two.—September 30, 1914.]

## A. C. CRAW, Respondent, v. HATTIE M. CRAIG et al., Appellants.

MORTGAGE—FORECLOSURE—REASONABLENESS OF ATTORNEY'S FEE—APPEAL.—In an action to foreclose a mortgage securing an indebtedness of fifteen hundred and fifty dollars, in which the pleadings were exceedingly simple and the actual trial required less than one hour of time, the allowance of an attorney's fee in the sum of one hundred and fifty dollars, in pursuance of a provision in the mortgage for a reasonable attorney's fee in the event of a suit to foreclose, will not be held unreasonable on appeal. The amount of such a fee is peculiarly within the discretion of the trial court.

APPEAL from an order of the Superior Court of Riverside County refusing a new trial. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

John L. Campbell, and Jno. W. Craig, for Appellants.

W. S. Clayson, for Respondent.

MELVIN, J.—Defendants appeal from the order of the superior court denying their motion for a new trial.

The action was one to foreclose a mortgage. Defendants answered, not denying their liability for the payment of the note for one thousand five hundred dollars and interest, secured by the mortgage, but they pleaded an offset of three hundred and fifty dollars due for a certain crop of oranges which the defendants, the Craigs, had permitted the plaintiff's agent to sell and for which plaintiff had promised to pay them the reasonable value. The court found that the defendants, the Craigs, owed the plaintiff the principal sum of one thousand five hundred dollars on their note, together with two hundred dollars accrued interest and one hundred and fifty dollars attorney's fee. Against this a set-off of one hundred and fifty dollars for the orange crop was awarded the defendants. Judgment was for one thousand five hundred and fifty dollars together with attorney's fees of one hundred and fifty dollars with costs of suit and a decree of foreclosure and sale was entered as prayed.

There was evidence to support the finding of the value of the orange crop as one hundred and fifty dollars. Both Joseph Riley, son and agent of plaintiff, and R. W. Evans testified that the Sparr Fruit Company, of which the latter was the manager, bought the crop of oranges, growing on the mortgaged land, for one hundred and fifty dollars and Evans stated under oath that he considered the price paid the reasonable value of the fruit at that time. As opposed to this testimony was that of defendant John W. Craig, who placed the value of the oranges sold at a sum much larger than one hundred and fifty dollars. Of course, we cannot disturb a finding based upon such a conflict of testimony, and indeed appellant does not contend that the court erred seriously in failing to accept Mr. Craig's estimate of the value of the fruit, but it is earnestly contended that the court abused the discretion with which it is clothed, when so large a sum as one hundred and fifty dollars was allowed as attorney's fees. We are reminded that the pleadings were exceedingly simple and that the actual trial of the cause required less than one hour of time. Counsel for appellants is of the opinion that the sum allowed by the court for such service was grossly exorbitant. We do not feel called upon, however, to reverse the order of the lower court because of the amount of this fee. In the mortgage agreement appellants promised to pay a reasonable attorney's fee in the event of a suit to foreclose. The amount of such a fee is peculiarly within the discretion of the trial court. We see no circumstances of oppression in the allowance of the sum which the court held to be a proper charge for the work performed. Under the rule announced in such cases as *Patten* v. *Pepper Hotel Co.,* 153 Cal. 460, 472, [96 Pac. 296], we do not feel justified in interfering with the action of the lower court.

The order from which appellants prosecute their appeal is affirmed.

Henshaw, J., and Lorigan, J., concurred.