[Civ. No. 5357.   First Appellate District, Division One.—January 18, 1926.]

# H. GRECIAN, Respondent, v. JOHN M. JACKSON et al., Appellants.

[1] ATTORNEY'S FEES—CONTRACTS—FINDINGS—EVIDENCE—INFERENCES. In this action to recover for legal services, the finding of the trial court as to an express agreement on the part of the defendant to pay a sum stated for part of such services is conclusive, and all reasonable inferences will be indulged in its support, where no inherent probability is found in the testimony supporting such finding, and the evidence is conflicting.

[2] ID.—MONEY EXPENDED—FINDINGS—EVIDENCE.—In such action, the findings of the trial court that money had been paid at the request of defendant were fully supported by the evidence.

[3] ID. — REASONABLE VALUE — EVIDENCE. — In such action, while no direct evidence was offered with respect to the value of the services rendered as alleged in the first count of the complaint, it cannot be said that the trial court's determination of the value of such services was unsupported or unreasonable, where the character of the services in connection with certain litigation in which defendant was interested was shown, from which the court might, in the exercise of its independent judgment, determine such value.

[4] ID.—PLEADING—AMENDMENT—ABSENCE OF PREJUDICE.—In such action the defendant was not misled or prejudiced by the action of the trial court in permitting the plaintiff to amend the complaint on the day of the trial by alleging an express agreement to pay a sum stated for services alleged in the second count of the complaint in lieu of the allegations of the original complaint as to the reasonable value thereof, where it appears that all of the evidence as to the alleged agreement consisted of conversations between the parties thereto, and it not having been suggested then or at the conclusion of the trial that testimony or evidence other than that adduced by defendant was available.

(1) 4 C. J., p. 775, n. 26, p. 883, n. 33.   (2) 6 C. J., p. 763, n. 28. (3) 6 C. J., p. 760, n. 94.   (4) 4 C. J., p. 943, n. 81.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. L. Hudner, Judge Presiding.   Affirmed.

The facts are stated in the opinion of the court.

1.   See 2 Cal. Jur. 921; 2 R. C. L. 204.

John E. Bennett for Appellants.

John P. Beale for Respondent.

CASHIN, J.—An action by respondent upon certain assigned claims for legal services and expenditures alleged to have been rendered to and made on behalf of appellant.

The complaint alleged in separate counts an express agreement to pay a sum stated for a portion of the services, the reasonable value of others, with a further count for money paid at the request of appellant.

The court found that the services and expenditures alleged were rendered and made at the special instance and request of appellant; that the reasonable value of a portion of such services was the sum of $175; that for others appellant had agreed to pay the sum of $1,500, of which $1,374.50 remained unpaid, and that there had been expended the sum of $63 as alleged. Judgment was entered for the amounts found to be unpaid, aggregating the sum of $1,612, from which judgment the appeal was taken.

As stated by appellant, the question presented on appeal is the sufficiency of the evidence to sustain the findings of the trial court.

[1] According to the testimony of appellant the payment of compensation for the services for which was claimed the sum of $1,500 was, by agreement, to be contingent upon the success of a certain corporation in the organization of which the services were rendered. The attorneys by whom the claims were assigned testified to conversations with appellant which preceded the rendition of the services, from which the inference might reasonably have been drawn that the agreement was made as found.

Contrary to the contention of appellant we find no inherent improbability in the latter testimony, and the evidence being conflicting, such finding is conclusive, and all reasonable inferences will be indulged in its support (*Treadwell* v. *Nickel,* 194 Cal. 243, 261 [228 Pac. 25]; *Steinberger* v. *Young,* 175 Cal. 81, 84 [165 Pac. 432]; *Levi* v. *Chesley,* 178 Cal. 145 [172 Pac. 607]).

[2] The findings as to the third count are fully supported by the evidence, [3] and while no direct evi-

dence was offered with respect to the value of the services rendered as alleged in the first count, the character of the services in connection with certain litigation in which appellant was interested was shown, from which the court might, in the exercise of its independent judgment, determine such value; and we cannot say that its conclusion was unsupported or unreasonable (*Patten* v. *Pepper Hotel Co.*, 153 Cal. 460 [96 Pac. 296]; *Spencer* v. *Collins*, 156 Cal. 298 [20 Ann. Cas. 49, 104 Pac. 320]; *Kendrick* v. *Gould*, 51 Cal. App. 712 [197 Pac. 681]).

[4] Appellant complains of an order of the court permitting respondent to amend his complaint on the day of the trial by alleging an express agreement to pay the sum stated for the services alleged in the second count in lieu of the allegations of the original complaint as to the reasonable value thereof, it being stipulated that the allegations of the amended complaint should be considered as denied by appellant.

It appearing that all of the evidence as to the agreement alleged in the latter count consisted of conversations between the parties thereto, and it not having been suggested then or at the conclusion of the trial that testimony or evidence other than that adduced by appellant was available, he was not misled or prejudiced by the filing of the amendment.

The evidence being sufficient to support the findings, and no error appearing, the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 18, 1926.